### 40699. RIDER et al. v. RIDER.

FRANKUM, Judge. Paula Rider and Mike Rider, minors, by and through their guardian and next friend, Lila Lee Davis, brought an action against Ralph Linden Rider to require him to pay a reasonable sum for their upkeep, maintenance, and education. They alleged that the defendant, Ralph Linden Rider, is their natural father. The defendant answered deny-

ing paternity of said children, and he thereafter filed a special pleading in which he moved that the court require the plaintiffs and their mother, Wanda Emijean Rider, who was not a party to the action, to submit to blood tests to determine paternity. In this pleading defendant offered to submit himself to such a test. Orders were issued by the trial court requiring the plaintiffs, the defendant, and Wanda Emijean Rider to report to a named doctor at the Hall County Hospital in Gainesville, Georgia, in order that the doctor might take samples of their blood to determine the blood type of each. The defendant submitted to the taking of a sample of his blood, in compliance with said orders, but the plaintiffs did not comply with the orders. Upon that fact being made known to the court, an order dismissing the plaintiffs' petition was rendered. The exception here is to that judgment.

1. The trial judge was authorized in his discretion to order a physical examination of the parties under the provisions of Section 1 of the Act approved March 25, 1959 (Ga. L. 1959, pp. 425, 439, et seq.; *Code Ann.* §§ 38-2110, 38-2111). This Act authorizes the court to make an order for a physical examination in any case in which the mental or physical condition of a party is in controversy. *Code Ann.* § 38-2110 (a). The terms "physical and mental condition of a party," as used in this section, include blood type, Beach v. Beach, 114 F2d 479, 481 (4), interpreting and applying to a similar fact situation the provisions of Rule 35a of the Rules of Civil Procedure (28 USCA following § 723c), the wording of which is substantially like our *Code Ann.* § 38-2110(a). Thus, the order of the court related to a matter within the scope and intent of the Code section, and the failure of the plaintiffs to comply with the order subjected them to the liability of having the court invoke any of the penalties provided for in § 38-2111(b)(2). Subparagraph (iii) of the aforesaid subsection provides that upon the failure of the plaintiff to comply with such an order, the trial court may strike out the pleadings of the plaintiff or parts thereof, or dismiss the action or proceeding, or any part thereof. The final order of dismissal in this case was made after the original orders for the blood tests had been entered on a hearing on a rule nisi at which the parties were heard. It cannot be said that the action of the trial judge in dismissing the plaintiffs' case constituted an abuse of his discretion.

2. Since it appears from the order of the trial judge dismissing the action that it was based solely on the failure of the plaintiffs to comply with the previous order for a blood test and not upon any failure of the plaintiffs' mother, who was not a party to this action, to comply with such order, no question is presented by the record before this court as to the authority of the trial court to order one not a party to the action to submit to a physical examination.

3. Neither is it apparent from the record that the typing of the plaintiffs' and defendant's blood alone would have been ineffectual to demonstrate the alleged impossibility that the defendant is the plaintiffs' father, since defendant alleged in his answer that in a previous divorce proceeding between the plaintiffs' mother and the defendant, the plaintiffs' mother's blood, the defendant's blood, and the blood of the plaintiff, Paula Rider, were typed, and that the typing of blood on that occasion demonstrated the impossibility that the defendant was the father of Paula. Insofar as the question presented to this court is concerned, since this pleading constituted an affirmative defense to the plaintiffs' action which was not attacked by demurrer, it must be assumed that the defendant would be able to produce evidence as to the blood type of the plaintiffs' mother as shown by this previous test, and thus possibly present to the court evidence from which a finding in accordance with his contentions would be authorized. As to the method by which blood grouping tests may be used to disprove paternity in particular cases, see the annotation in 163 ALR 939, 941, and in 46 ALR2d 1000, et seq.

*Judgment affirmed. Nichols, P. J., Bell, P. J., Jordan, Hall, Eberhardt, Russell and Pannell, JJ., concur. Felton, C. J., dissents.*

DECIDED SEPTEMBER 11, 1964—
REHEARING DENIED SEPTEMBER 30, 1964.

*John N. Crudup,* for plaintiff in error.
*Herbert R. Edmondson,* contra.

FELTON, Chief Judge, dissenting. *Code Ann.* § 38-2110 authorizes a court to order a physical examination in any case in which the *mental* or *physical condition* of a party is in controversy. It is inconceivable to me that the blood type of a person could

be said to involve his mental or physical condition. If it could be constitutionally so provided by rule or statute, it would require a clearer and more certain indication of intention than can be obtained from a dictionary definition of "condition." Since the said Code section does not include authority to order a blood test for the purpose for which the test was ordered in this case, the application of penalties provided in *Code Ann.* § 38-2111 was unauthorized in this case.