## 60001. NASH v. THE STATE.

McMURRAY, Presiding Judge.

The defendant was tried and convicted upon an accusation as to the offense of child abandonment. The mother of the child testified at the trial as follows: She met the defendant on July 4, 1976. She first had sexual relations with the defendant in December, 1976, and continued to see the defendant until July, 1979. She had no relations with anyone except defendant during the months of December, 1976; January, February, March, and April of 1977. She learned she was pregnant in April, 1977. The baby was born December 4, 1977, and was a full term baby. Defendant visited the mother and child in the hospital and the child was named after the defendant at his request. Over a period of time he bought the child some clothes, came to hold the child and play with him and had his picture taken with the child. He promised to marry her three months after the child was born and first denied that he was the father of the child in July, 1979. She admitted that she refused to take the blood test for paternity and produced a copy of the birth certificate; and the state stipulated that the defendant's name was not listed as the father. A subsequent child, a daughter, was born approximately one year after the birth of her son; and the defendant acknowledged that he was the father of that child and that he provided weekly support for that child and continued to provide support for that child.

Other testimony was offered supporting the testimony of the prosecutrix that the defendant was at the hospital every day while the child was being born and that he never denied being the father of the child; that he bought $80 worth of clothes and helped to care for the child. Further the defendant sent money for the support of the child until July, 1979.

The defendant testified that he did begin seeing the mother at Christmas time, 1976, but that she was already pregnant before he had any relations with her prior to June, 1977. He admitted that he cared about the mother, cared about the baby, brought some clothes

to the child and provided some money, but that these were acts of caring and love but did not make him the father. He stopped supporting the child in July, 1979, when he and the mother stopped seeing each other. He admitted he supported the subsequent child which was his but that he did not want to continue supporting a child that was not his.

At the completion of the evidence the trial court, hearing the case without the intervention of a jury, found the weight of the evidence proved the defendant was the father of the child beyond a reasonable doubt, found him guilty and placed him on a one year suspended sentence and ordered defendant to pay child support through the Fulton County Probation Department. Defendant appeals. *Held:*

1. The first enumeration of error contends that the evidence was insufficient to support the verdict. Defendant contends he requested the paternity blood test and that the mother, under the authority of Code Ann. § 74-9902 (Ga. L. 1941, pp. 481, 483; 1946, pp. 63, 64; 1952, pp. 173, 174; 1956, p. 800; 1960, pp. 952, 953; 1965, p. 197; 1967, pp. 453, 454; 1973, pp. 697, 699; 1976, p. 1015), shall be required to submit herself and the child to such paternity blood test, the result of which shall be admissible in evidence. The statute further reads: "In the event the mother shall refuse to submit herself and child to such paternity blood test, this fact shall be admissible in evidence upon the trial of the case." The fact that the mother had refused to submit herself to such paternity blood test was admitted in evidence, but such testimony did not overcome the other testimony establishing that the defendant was the father of the child and had abandoned the child.

The case of *Rider v. Rider,* 110 Ga. App. 382 (138 SE2d 621), cited by the defendant, involved a civil complaint against a putative father in which the putative father offered to submit himself to a blood test, and orders were issued by the trial court requiring the plaintiffs (the children), the putative father and the mother, to submit to blood tests. When the plaintiffs did not comply with the orders the trial court dismissed the plaintiffs' complaint. This decision was based upon Code Ann. §§ 38-2110 and 38-2111 (Ga. L. 1959, pp. 425, 439, 440; Code Ann. § 38-2111 later amended by Ga. L. 1962, pp. 684, 685). As was held in that case, the failure to comply with the court order subjected the parties to the liability of having the court invoke penalties against them. However, that case is not applicable here, and the evidence was sufficient to support the verdict.

After a careful review of the approved narrative brief of the evidence and the record, we find, and so hold, that a rational trier of

fact (the trial court in the case sub judice) could easily have found the defendant guilty beyond a reasonable doubt. *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Boyd v. State,* 244 Ga. 130, 132 (5) (259 SE2d 71); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Dukes v. State,* 151 Ga. App. 312, 313 (259 SE2d 706).

2. Defendant further contends that the trial court erred in its application and interpretation of Code Ann. § 74-9902, supra. However, it is quite evident that the legislative intent with reference to this statute is that if the mother refuses to submit herself to a blood test "this fact shall be admissible in evidence upon the trial of the case." Since her refusal was considered by the court, we find no reversible error in the application and interpretation of the statute.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JUNE 5, 1980 — DECIDED JUNE 20, 1980.

*Andrea J. Brownstein,* for appellant.
*Hinson McAuliffe, Solicitor,* for appellee.