## 62674. HURST v. THE STATE.

SHULMAN, Presiding Judge.

Indicted for murder, appellant was convicted of voluntary manslaughter. He enumerates as error the submission to the jury of two issues he insists should have been decided by the trial court as matters of law and the trial court's ruling on a motion to quash a subpoena.

1. Appellant subpoenaed as a witness a newspaper reporter who had written an article based on an interview with an alleged eyewitness to the killing for which appellant was indicted. The reporter was to have been used as an impeachment witness to show that the eyewitness made statements in the interview which were inconsistent with his testimony at trial. The reporter resisted the subpoena by means of a motion to quash. The basis for the reporter's resistance was an alleged privilege accorded newsgatherers by the First Amendment to the Constitution of the United States. The trial court, in an effort to balance the conflicting interests asserted, ruled that appellant could call the reporter as a witness, but only if he first called as witnesses two other persons who were present when the interview with the alleged eyewitness was conducted. One of those two potential witnesses was a relative of the deceased and the other was a member of the same police force as the deceased. Because of the court's ruling, defense counsel chose not to call the reporter as a witness. Appellant now contends that the ruling unfairly limited his defense and denied him the right to compulsory process guaranteed by the Sixth Amendment to the United States Constitution and by Art. I, Sec. I, Par. XI, Constitution of Georgia of 1976. We agree.

As early as 1886, the courts of this state were faced with a claim of privilege by a newsgatherer-witness. In *Pledger v. State,* 77 Ga. 242 (6) (3 SE 320), the Supreme Court rejected a claim of privilege by a publisher. In *Plunkett v. Hamilton,* 136 Ga. 72 (7) (70 SE 781), the Supreme Court again declined to recognize any privilege for newsgatherers. The U. S. Supreme Court was called upon in Branzburg v. Hayes, 408 U. S. 665 (92 SC 2646, 33 LE2d 626), to establish a First Amendment testimonial privilege for newsgatherers. Its response was clear: "Until now the only testimonial privilege for unofficial witnesses that is rooted in the Federal Constitution is the Fifth Amendment privilege against compelled self-incrimination. We are asked to create another by interpreting the First Amendment to grant newsmen a testimonial privilege that other citizens do not enjoy. This we decline to do. Fair and effective law enforcement aimed at providing security for the person and property of the individual is a fundamental function of government . . . On the

records now before us, we perceive no basis for holding that the public interest in law enforcement . . . is insufficient to override the consequential, but uncertain, burden on news gathering that is said to result from insisting that reporters, like other citizens, respond to relevant questions put to them in the course of a valid grand jury investigation or criminal trial." Id., pp. 689-691.

On the record before this court, we can see no acceptable reason for restricting appellant's constitutional right to compulsory process. We regard the requirement that appellant first call as his own witnesses a co-worker and a relative of the deceased before calling the reporter as tantamount to quashing the subpoena. The record shows that the trial judge conscientiously attempted to balance conflicting interests, but we must disagree with the weight assigned to each of those interests. For that reason, we are compelled to hold that the restriction on appellant's constitutional right to compel witnesses to testify entitles appellant to a new trial.

2. The other issues raised on appeal involve jury charges which are dependent on the evidence. Since the evidence on the issues involved may be different at a retrial, we deem it unnecessary to address appellant's remaining enumerations of error at this time.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 7, 1982.

*Charles F. Johnson, Harry Jay Altman III,* for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney,* for appellee.