## 64462. GEORGIA COMMUNICATIONS CORPORATION et al. v. HORNE et al.

BANKE, Judge.

This is an action by the appellees to recover damages for defamation based on certain statements which appellant Howard M. Williamson allegedly broadcast and allowed to be broadcast as an announcer for a radio station owned by appellant Georgia Communications Corporation. After the complaint had been served, the appellees amended it to allege that Williamson had committed an additional act of slander by stating on his radio show that the appellees and their counsel were, among other things, engaged in a conspiracy to "get" him.

During the course of his deposition, Williamson was asked to provide the names of persons who had given information to him concerning the existence of the alleged conspiracy and to reveal the source of certain other information which he claimed to have received in connection with one of his broadcasts. He repeatedly declined to answer these questions on the ground that he had promised not to divulge the identity of his sources. The appellees moved for and obtained an order compelling him to answer, but he continued to refuse. The appellees followed with an "application for contempt," and after a hearing, the trial court not only found him in contempt but also struck his defensive pleadings and entered judgment against him on the question of liability. On appeal, Williamson contends that he had a "journalistic privilege" under the state and federal constitutions to refuse to divulge the identity of his news sources and that, in any event, the trial court was without authority to dismiss his defensive pleadings and enter judgment against him in response to a motion which contained no request for such relief. *Held:*

1. The statements which Williamson was charged with making and with encouraging others to make on his radio show were quite clearly unrelated to any legitimate form of journalistic endeavor.

Furthermore, both the Georgia Supreme Court and the United States Supreme Court have ruled unambiguously that an unqualified "journalistic privilege" against the disclosure of evidence does not exist. In *Plunkett v. Hamilton,* 136 Ga. 72 (7) (70 SE 781) (1911), Justice Lumpkin wrote that a newspaper reporter's pledge to protect the identity of his information sources was no more to be honored than that of any other witness who could not claim one of the specific privileges created by statute. The United States Supreme Court in Branzburg v. Hayes, 408 U. S. 665 (92 SC 2646, 33 LE2d 626) (1972), held that no constitutional basis for such a testimonial privilege exists under the First Amendment. See also *Hurst v. State,* 160 Ga. App. 830 (287 SE2d 677) (1982); 81 AmJur2d Witnesses, § 297.

2. The trial court did not err in dismissing Williamson's defensive pleadings and entering judgment against him despite the appellees' failure to make a specific request for such relief. This sanction was clearly authorized by Code Ann. § 81A-137 (b) (2) (C), and the statute itself provides ample notice that the sanction may be imposed. We must reject the appellants' contention that the court's action constituted an excessive punishment for what amounted to a good-faith attempt to exercise a claim of constitutional right. The court, in reaching its decision to dismiss the defensive pleadings, made the following findings: "First, the violation committed was wilful, conscious, deliberate, flagrant and truculent. Mr. Williamson appeared to desire a confrontation with the court and, by his own testimony, had long before the hearing made the decision not to obey the court's order ... Secondly, defendant Williamson stated that he would never obey the order of the court. If this were allowed, the orderly process of the litigation would be effectively circumvented by Mr. Williamson's conduct and the legal rights of the plaintiffs would be denied. Also, it is axiomatic that a court will not do a useless thing, and being convinced that Mr. Williamson will not obey its order, the court is not bound to continue to try to compel him to do so." Williamson's consistent resort to evasive and incomplete responses throughout his deposition lends further support to the trial court's conclusion that he was not acting in good faith, as does his failure to offer a legal basis for his refusal to testify when invited to do so during the deposition.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 14, 1982 —
REHEARING DENIED NOVEMBER 1, 1982 —

*Dunham McAllister,* for appellants.

*Kenneth R. Fielder,* for appellees.