## 77704. RODERIQUEZ v. SAYLOR.
(380 SE2d 339)

POPE, Judge.

Appellee Charlie Ray Saylor brought a petition pursuant to OCGA § 19-7-40 et seq. to determine the paternity of a minor child born to appellant during her marriage to another man, whom she had since divorced. The petition was served on the former husband by publication, as his whereabouts were unknown. Appellant answered and denied that the appellee was the father of the child. The trial court, pursuant to appellee's motion, ordered the parties to submit to HLA blood tests as provided by OCGA § 19-7-45.

On March 22, 1988 appellant was held in contempt for refusing to comply with the court's order regarding blood tests. The court ordered appellant confined for ten days but suspended enforcement of the order provided the appellant submitted to blood tests within 30

days of the date of the order. The appellant, however, persisted in her refusal to submit to the blood test, and pursuant to the court's earlier order, was incarcerated for ten days. The court also entered a new order requiring the appellant to submit to an HLA blood test.

On May 6, 1988 the court conducted a hearing on appellee's motion to hold appellant in contempt for her refusal to comply with the court's latest order to submit to a blood test. Appellee also filed a motion seeking an order pursuant to OCGA § 9-11-35 requiring the appellant to submit to a physical examination (blood test) and for the imposition of sanctions pursuant to OCGA § 9-11-37 (b).

The appellant reiterated her refusal to obey any order that required her to submit to a blood test and expressly waived any additional hearings or notice to which she might have been entitled pursuant to OCGA §§ 9-11-35 and 9-11-37. The court then found "that [appellant] has willfully and without any legal justification refused to obey this [c]ourt's order that she submit to a blood test" and found her in contempt. Instead of imposing additional sanctions for contempt, however, the court ordered appellant's answer stricken in the case and a default judgment entered against her and her former husband. See OCGA § 9-11-37 (b) (2) (C).

The court further found appellee to be the father of the minor child and ordered him to pay support and awarded him certain visitation privileges. The court also ordered a new birth certificate be issued showing the appellee to be the father of the child. We granted appellant's application for discretionary review. *Held*:

1. We must first determine whether the trial court erred in ordering appellant's answer stricken (Enumeration of Error 8). Appellant argues that the trial court was limited to the remedies outlined in OCGA § 19-7-45 (contempt) and § 19-7-46 (introduction at trial of appellant's refusal to submit to the blood test at trial). Under the circumstances here, we disagree. OCGA § 19-7-47 provides: "Any proceeding brought under this article is a civil action governed by the rules of civil procedure." In the case at bar, in addition to requesting a blood test be performed pursuant to OCGA § 19-7-45, the appellee also requested a blood test under OCGA § 9-11-35. OCGA § 9-11-37 (b) (2) provides that "If a party . . . fails to obey an order to provide or permit discovery including an order made under . . . Code Section 9-11-35, the court in which the action is pending may make such orders in regard to the failure as are just and among others, the following: . . . (C) An order striking out pleadings or parts thereof, . . . or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."[1]

---

[1] Although notice and hearing are required prior to the granting of a motion to compel

"As a general rule, the trial court should attempt to compel compliance with its orders through the imposition of lesser sanctions than dismissal. The drastic sanctions of dismissal and default cannot be invoked under OCGA § 9-11-37 except in the most flagrant cases — where the failure is wilful, in bad faith or in conscious disregard of an order. However, a very broad discretion is granted judges in applying sanctions against disobedient parties in order to assure compliance with the orders of the courts. By OCGA § 9-11-37 (b) (2) (C) the courts are specifically granted the discretion to dismiss complaints or to render default judgments against disobedient parties. . . . Historically it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse. This policy is applicable to a trial judge's exercise of the broad discretionary powers authorized under the discovery provisions of the Civil Practice Act. Under the circumstances here we find no abuse of discretion in striking appellant's defensive pleadings and entering a default judgment in favor of appellee." (Citations and punctuation omitted.) *Joel v. Duet Holdings, Inc.*, 181 Ga. App. 705, 707 (353 SE2d 548) (1987). Accord *Rider v. Rider*, 110 Ga. App. 382 (1) (138 SE2d 621) (1964); see also *Georgia Communications Corp. v. Horne*, 164 Ga. App. 227 (2) (294 SE2d 725) (1982). Consequently, appellee may now initiate proceedings to legitimate the child. Cf. *Hill v. Adams*, 182 Ga. App. 848 (357 SE2d 300) (1987).

2. Appellant's remaining enumerations are rendered moot by the foregoing.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MARCH 13, 1989.

*J. W. Yarbrough*, for appellant.
*Dianne Cook*, for appellee.

---

and the imposition of sanctions, the appellant here specifically waived these prerequisites, and reiterated her position that she would not comply with any order requiring her to submit to blood tests to determine the paternity of the child. Under these circumstances, we agree that the court was not required to hold separate hearings on appellee's motions to compel and to impose sanctions.