41276. TOLBERT v. FREE.

SUBMITTED MAY 3, 1965—DECIDED MAY 26, 1965—REHEARING DENIED JUNE 11, 1965.

Complaint. Lumpkin Superior Court. Before Judge Smith.

*Brannon & Brannon, Everett C. Brannon, Jr.,* for plaintiff in error.

*Robert E. Andrews,* contra.

FELTON, Chief Judge. The sole special ground of the defendant's motion for a new trial which is insisted on assigns error on the court's charge that one of the contentions of *each* of the parties is that she had acquired title to the property in dispute by prescriptive title, which charge, it is contended, is contrary to the defendant's contention and evidence.

A pre-trial order was entered, in which the issues were stated to be, "Title to property in dispute and location of boundary line between the parties," and which stated, under "Questions of evidence likely to arise," as follows: "Plaintiff relies on: (a) Paper title. (b) Adverse possession. 85-1603. Defendant relies on: (a) Paper titles. (b) Adverse possession." A pre-trial order limiting the issues for trial and reciting the agreements made by the parties as to any of the matters considered, as provided by *Code Ann.* §§ 81-1013, 81-1014 (Ga. L. 1953, Jan. Sess., p. 269), when entered, controls the subsequent course of the action and determines the issues on which the case is submitted to the jury, unless modified at the trial, pursuant to an application therefor made before or during the trial, to prevent manifest injustice. *Dumas v. Beasley,* 218 Ga. 349 (128 SE2d 59). The provision in the pre-trial order, that the defendant was relying on adverse possession, was not a determination of an issue or a contention of the defendant such as would estop the defendant from complaining of a charge which is contended to be a misstatement of her contention and unsupported by the evidence. The statement was not under the heading of "issues" and its inclusion under "Questions of evidence *likely* to arise" was not determinative that such question *would* in fact arise

from the evidence presented, or that the defendant had stipulated or agreed that she would necessarily rely on such contention.

The defendant's answer claimed title to the disputed land arising out of a deed thereto and she introduced evidence which, if believed, would indicate that the original fence along the property line had been replaced several times by the plaintiff's husband and his father, each time being moved farther over onto the defendant's property. There was no evidence of adverse possession or a claim of prescriptive title on the part of the defendant. Defendant in error contends that the charge of the court was authorized by the following allegation in paragraph 5 of the answer of the plaintiff in error: "Defendant . . . shows that she is the owner of the strip of land in dispute and that she and her predecessors in title have been in possession of said property to the boundary described in her deed since the 11th day of January, 1946." The above pleading does not amount to a claim of title by reason of prescription as between adjoining landowners for the reason that it does not allege actual possession of the land involved up to the line contended for by the plaintiff in error. Furthermore, the charge of the court was not a mere statement of the contention of the plaintiff in error. It was more than a mere statement of a contention because it was a statement that the law charged was applicable to both parties for the reason that each party contended for a boundary based on actual possession under a claim of right for more than seven years. The charge misstating the defendant's contention and charging the law applicable thereto was therefore unsupported by the evidence and the pleadings and was harmful error, since it could have misled the jury into concluding that this was an issue on which the defendant had introduced no evidence and on which they could therefore find against the defendant. This special ground was meritorious; therefore the court erred in overruling the motion for a new trial as amended. The remaining grounds were abandoned.

*Judgment reversed. Jordan and Russell, JJ., concur.*