42081. WEBB, Executrix v. THE WARREN COMPANY, INC.

ARGUED JUNE 9, 1966—DECIDED JUNE 21, 1966.

851

*Edenfield, Heyman & Sizemore, Robert G. Young,* for appellant.

*Sutherland, Asbill & Brennan, Barrett K. Hawkes,* for appellee.

JORDAN, Judge. Contrary to the allegations of the petition

that the decedent was given the option of remaining in the employment of the defendant company or of voluntarily retiring in consideration of the receipt of the stated retirement income, the letter of September 6, 1963, which was attached to the petition as an exhibit, clearly shows that the decedent was given no choice in the matter but that his employment was involuntarily terminated by the action of the defendant company's executive committee and that in consideration of his past relationship with the company he was awarded the stated retirement income. Since the contradictory allegations of the petition must yield to the attached exhibit (*Harris v. Ackerman,* 88 Ga. App. 128 (1) (76 SE2d 132)), and since it was not shown in the petition that the decedent could not be summarily discharged by the defendant company without incurring liability therefor, it necessarily follows that the proffered retirement income was merely a gratuitous promise, made without consideration and having no binding effect on the defendant company. *Davis & Co. v. Morgan,* 117 Ga. 504 (43 SE 732); *Bell v. Johnson,* 24 Ga. App. 541 (101 SE 709); *Renney v. Kimberly,* 211 Ga. 396 (86 SE2d 217).

Furthermore, even if the defendant's promise to pay the stated retirement income had been supported by a valuable consideration, it is our opinion that the defendant's obligation was owed to the decedent personally and would have been extinguished by his death. The agreement as set forth in the letter of September 6, 1963, clearly contemplated that the payment of retirement income was to be made during the lifetime of the decedent since it was provided that after the expiration of two years consideration would be given to further retirement income, the possibility of future re-employment was discussed, and specific arrangements were made for the benefit of the decedent's widow in the event of his death. These factors clearly distinguish this case from that of Ulmann v. Sunset-McKee Co., 221 F2d 128, cited by the plaintiff in support of her contention that the decedent's right to the sum of $12,000 as retirement income was absolute and vested before his death.

The amended petition did not state a cause of action and the trial court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*