42137, 42138.   MISS GEORGIA DAIRIES, INC. v. McLARTY   (two cases).

ARGUED JULY 5, 1966—DECIDED SEPTEMBER 6, 1966.

*William E. Scott, Jr.,* for appellant.

*Ross & Finch, Claude R. Ross, Baxter H. Finch, Mundy & Gammage, E. Lamar Gammage, Jr.,* for appellees.

FELTON, Chief Judge. ■ Under the so-called "assumption of skill" doctrine, the master is " 'conclusively presumed to have knowledge of the nature of the constituents and general characteristics of the substances and things used in his business . . . [which] frequently make the knowledge implied against the master superior to that implied against the servant as to things used in connection with the master's business.' *Beard v. Georgian Mfg. Co.,* 8 Ga. App. 618 (2) (70 SE 57). And, having such knowledge, the master is under a duty to warn his servant of the dangers involved. *Code* § 66-301." *Genesco, Inc. v. Greeson,* 105 Ga. App. 798, 802 (125 SE2d 786) and cit. The fact that the *Genesco* case, supra, and some of the cases cited therein involved disease, rather than physical injuries, does not make them inapplicable here, since the master's duty with regard to both is equated in *Connell v. Fisher Body Corp.,* 56 Ga. App. 203, 208 (192 SE 484), wherein it is stated that "it is just as much the duty of a master to use reasonable care to protect his servants against dangers of the employment which may reasonably be expected to produce disease as it is to use reasonable care to protect his servants against dangers of the employment which may produce physical injuries."

The proposition that the danger of the dry ice was an ordinary risk of the plaintiff employee's employment is negatived by the allegations that dry ice was not used in the milk trucks which he had been accustomed to working with, and that he was unaware of such danger. Nor can we say, as a matter of law and in contradiction of the plaintiff's specific allegation to the contrary, that the dangerous propensity of dry ice is one of "those primal forces which govern the universe and control all matter, and which come necessarily under the observation of every man,

whether learned or unlearned, master or servant, during the entire term of his natural existence," which "must be held to be within his knowledge at all times and places and under all conditions." *Williams v. Atlantic Coast Line R. Co.*, 18 Ga. App. 117, 122 (89 SE 158). The issues of negligence and diligence raised by the petition are not so plain and indisputable as to be susceptible of solution on demurrer. The court properly overruled the general demurrer.

■ None of the special demurrers is meritorious. The petition sufficiently alleged the defendant master's duty to his employee and the injuries which were proximately caused by the breach of such duty. The fact that the defendant might not have foreseen the particular type of injury which might result from its negligence does not prevent the plaintiffs from alleging and proving that such injuries were proximately caused by the defendant's negligence. *Smith v. American Oil Co.*, 77 Ga. App. 463, 499 (2, c) (49 SE2d 90) and cit. The court did not err in overruling the special demurrers.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*