54399, 54400. SMITH et al. v. HARDY; and vice versa.

SHULMAN, Judge.

Appellants, husband and wife, brought suit for injuries allegedly sustained in an automobile collision. This appeal follows a judgment entered on a jury verdict in favor of defendant-appellee.

The collision occurred near a highway intersection of Outer Loop Road and Jet Base Road. Prior to the collision appellant was traveling south on Outer Loop Road and appellee was traveling west on Jet Base Road. Jet Base Road is a one-way highway and is controlled by a stop sign for west bound traffic. Outer Loop Road is a one-way highway and is not regulated by traffic signs at this intersection.

The evidence is in sharp conflict as to how the wreck occurred.

Appellant testified that she was traveling in the left lane of Outer Loop Road at a constant speed of 25 to 30 miles per hour as she approached the intersection and had just passed Jet Base Road when she suddenly felt a terrific impact to her car from the rear. She further testified that she had never made a voluntary lane change either to or from the left lane near this intersection in question.

Appellee testified that she came to a complete stop at the intersection, that she checked and saw no cars in the left lane of Outer Loop Road, that she proceeded to turn left at a low rate of speed, and that she had completely straightened out her vehicle when appellant's car apparently changed lanes, crossed in front of her and cut her off. When the cars collided, the plaintiff's car was damaged on the left rear. The defendant's car was dented on the right front fender just behind the bumper and the bumper was scraped. The evidence is uncontradicted that after the impact plaintiff-appellant's vehicle went out of control, left the road, careened down a high embankment

and crashed into a concrete culvert which was at the bottom of a ravine.

1. The trial court instructed the jury on Code Ann. § 68-1626 (a) and included in his charge that ". . . defendant is the one that contends that the plaintiff violated that particular law."

Appellants argue that this instruction was error because although the charge was a correct statement of the law, there was no evidence which would have authorized the jury to determine that appellant was driving at a speed greater than was reasonable or prudent. We disagree.

"[T]he jury may have concluded that plaintiff's conduct in approaching the point of impact at 25-30 mph violated Code Ann. § 68-1626 (a) . . ." *Kirkland v. Moore,* 128 Ga. App. 34, 37 (195 SE2d 667).

"Although evidence may be entirely circumstantial as to the rate of speed of an automobile, it may be sufficient to support a reasonable conclusion reached by the jury on the issue of negligence. Evidence of the force of the impact of a collision, or as to the distance which the automobile that caused the injury traveled from the point of the collision until it stopped, may of itself, and in connection with other circumstances, be sufficient to warrant a finding of the jury of negligence as to speed." *Shockey v. Baker,* 212 Ga. 106, 110 (90 SE2d 654). See *Gober v. Atlanta Baking Co.,* 128 Ga. App. 679 (3) (197 SE2d 769) (sufficient evidence to authorize charge).

2. Appellant asserts that the charge given on proper lane changing (Code Ann. § 68-1640) was not authorized by the evidence. There was sufficient evidence to support the charge.

3. For the reasons stated in Division 1, appellant's contention that there was no evidence to authorize a charge on Code § 68-1626 (c) (speed on approaching an intersection) must fail.

"The only reasonable construction to be applied to Subsection (c) of Code (Ann.) § 68-1626 is that a driver must reduce the speed of his vehicle in approaching an intersection so as to bring its immediate control within his power and render it safe to go into the intersection at the reduced rate of speed. If a driver approaches an

intersection at a very low and lawful rate of speed it is a question for the jury as to whether in order to comply with Subsection (c) of the Code section he need further reduce the speed of his vehicle." *Hardwick v. Ga. Power Co.,* 100 Ga. App. 38, 43 (110 SE2d 24).

Here, based on defendant's testimony, the jury would have been authorized to find that the defendant had entered and was using the intersection before plaintiff reached it. The jury had a right to consider the evidence under an appropriate charge from the court. *Currey v. Claxton,* 123 Ga. App. 681(1a) (182 SE2d 136).

4. Appellant enumerates the court's charge of former Code Ann. § 68-1650 (a) (b) (right-of-way provisions governing approaching or entering *uncontrolled* intersections) as error. We agree.

Although appellant recited in a pre-trial order that appellee was negligent in failing to comply with Code § 68-1650, this will not prevent her challenging the charge on § 68-1650 properly objected to as not authorized by the evidence and not requested by her. *Tolbert v. Free,* 111 Ga. App. 811 (143 SE2d 440) (recital in pre-trial order that party was relying on specific defense would not estop defendant from complaining of charge which was alleged to be misstatement of contention and not supported by evidence). A court is not bound by a pre-trial order which sets forth the contended issues of the parties; rather it must ascertain the issues actually made by the pleadings and the evidence. *Hardeman v. Southern Home Ins. Co.,* 111 Ga. App. 638, 646 (142 SE2d 452).

Here the charge was simply not supported by the evidence. Since it is clear that the judge also charged the jury on Code Ann. § 68-1652, this enumeration is controlled by this court's decision in *Continental Can Co. v. Price,* 123 Ga. App. 356 (1) (180 SE2d 923). In accordance with *Continental Can Co.,* the charge constituted error which requires reversal.

5. At the close of jury charges, both appellant and appellee objected to the court's reading of F. L. § 68-1651 (the law existing at the time of the occurrence). The jury was instructed that "The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite

direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver having so yielded, and having given a signal, when, and as required by law when making such left turn, and the drivers of all other vehicles approaching the intersection, from said opposite direction, shall yield the right-of-way to such vehicle making such left turn."

Appellant contends that although this is a correct statement of the law, it was not authorized by the evidence.

The undisputed evidence showed that appellant was on a one-way street and turned left on to the one way intersecting street on which appellee was traveling. Thus, appellee was not "approaching from the opposite direction." The charge was not authorized by the evidence and should not have been given.

6. Appellant contends that the trial court erred in charging the provisions of former Code Ann. § 68-1652(a). Although appellant's failure to object would normally preclude consideration, since the case is reversed and requires a new trial, we deem it proper to consider this contention. "If the jury believed the defendant's testimony, as they had the right to do, to wit, that [she] stopped at the stop sign, and then accelerated [slowly]. . . and if they believed plaintiff's testimony that plaintiff approached the intersection at 25-30 miles per hour, then the slow speed of defendant as against the much faster speed of plaintiff would strongly suggest that defendant entered the intersection first, after stopping at the stop sign, and under Code Ann. § 68-1652 (a) had the right of way at the time of the collision." *Kirkland v. Moore,* supra, pp. 37, 38. The charge, therefore, was authorized by the evidence.

7. In Enumerations 8, 9 and 10 appellant asserts that charges relating to appellant's possible contributory and comparative negligence are not authorized by the evidence. There was sufficient evidence presented to authorize these charges.

8. The jury was charged on the doctrine of plaintiff's last clear chance. Appellant complains that the charge was not authorized by the evidence.

There is no evidence in the record from which the jury

could find or infer that the plaintiff saw or knew of defendant's perilous position and that she realized or had reason to realize her helpless condition. This charge was inappropriate under the facts of this case. *Conner v. Mangum,* 132 Ga. App. 100 (6) (207 SE2d 604).

9. Appellant challenges various jury charges relating to damages. "The well established rule is that where the court incorrectly instructs the jury as to the measure of damages to be applied, if the jury exonerates the defendant so that the consideration of the measure of damages is eliminated from the case, instructions given, even if erroneous, cannot be held to prejudice the plaintiff's cause. [Cits.]" *Jackson v. Miles,* 126 Ga. App. 320 (3) (190 SE2d 565).

Since we are reversing this case, however, we have reviewed the charges complained of. Appellant contends that the court erred in allowing the jury to decide liability for an allegedly negligent act on the basis of the foreseeability of the consequences. It is apparent, from their context, that these charges relate to awarding damages once liability has been determined. We cannot say that the charges are erroneous on the grounds urged.

10. The judge charged that "In the event that you find there are any other injuries complained of in this case which were not foreseeable by the defendant, if you find the defendant was otherwise negligent, then I charge you that such injuries complained of could not be recovered by the plaintiffs in this case." This is not the law. See *Miss Ga. Dairies v. McLarty,* 114 Ga. App. 259 (2) (150 SE2d 725). Insofar as this charge may be susceptible to the interpretation that a subjective rather than an objective standard is to be applied, on retrial this charge should be modified.

11. Appellant enumerates as error the refusal of the trial court to charge on two written requests. Those enumerations cannot be sustained because there is no reference to the portion of the record where the requested charges may be found. *North Peachtree I-285 Properties Ltd. v. McCleskey,* 136 Ga. App. 434 (221 SE2d 614).

12. Appellant asserts that the judge erred in permitting a witness, a state patrolman, to testify as to the function of a stop sign at the intersection in question. The

record shows that on direct examination appellant elicited similar information from this witness. Even if error, this could not be harmful. See *Malcolm v. Cotton*, 128 Ga. App. 699 (1) (197 SE2d 760).

13. In Enumeration 22 appellant urges that the judge erred in excluding certain testimony. The record shows that the judge properly instructed appellant that hearsay testimony would not be admissible and did not improperly restrict appellant's examination.

14. Appellant asserts that the judge erred in not permitting appellant to testify as to her emotional state. Contrary to this assertion, appellant was permitted to respond. There was no error here.

15. Appellant asserts that the court erred in failing to rebuke appellee's counsel following allegedly prejudicial remarks. The record fails to show any objections to the allegedly improper argument or motion for mistrial. In the absence of any objection to the argument complained of, there could be no error. *Johnson v. State,* 226 Ga. 511 (5) (175 SE2d 840).

16. Twenty-seven days after the collision, Mrs. Smith's (plaintiff/appellant) pre-existing ulcer flared up. She was hospitalized. There was testimony that the wreck aggravated the ulcer, that a blood transfusion was given as a result of the flare-up and that due to the blood transfusion plaintiff ultimately lost her eyesight. In a cross appeal, Patricia Hardy (defendant/appellee in the main action) enumerates as error the denial of her motion for partial directed verdict as to liability for the loss of eyesight. Mrs. Hardy asserts that the blood transfusion and blindness were such remote and unforeseeable occurrences that no legal liability could attach and that, therefore, the issues were not a proper subject for jury consideration.

The law controlling under the circumstances here is clearly contrary to Mrs. Hardy's contentions. If the jury were to find the defendant liable for the negligent acts complained of by plaintiff, then the jury would also be authorized to find the defendant liable not only for all damage resulting directly from the accident but also for all damage resulting from the improper or unskillful treatment of the injuries by the physician. *Edmondson v.*

*Hancock,* 40 Ga. App. 587 (c) (4) (151 SE 114). See also 100 ALR2d 808. If it was foreseeable that the negligent act complained of would result in some injury, liability cannot be avoided solely by asserting that the consequences or extent of the injury were unforeseeable. *Saul Klenberg Co. v. Mrozinski,* 78 Ga. App. 59 (1) (50 SE2d 247) (damages may be recovered for injuries which may not have resulted except for plaintiff's pregnant condition; whether condition was result of car wreck and aggravation of plaintiff's delicate condition by car wreck, or was result of childbirth alone was a question for the jury).

Here, the negligence in administering the blood transfusion, if any, cannot be said to be so unforeseeable as to constitute an efficient intervening cause. The defendant may be "held liable for the aggravation of the injury caused by the doctor's negligence. . . [Liability is predicated on] the familiar rule that a wrongdoer is responsible for the reasonably foreseeable consequences of his tortious act, including the negligent conduct of others." *Knight v. Lowery,* 228 Ga. 452, 455 (185 SE2d 915) quoting with approval from Derby v. Prewitt, 12 NY2d 100, 105 (236 NYS2d 953). (*Knight* is contrary to *Edmondson,* supra, only insofar as *Edmondson* stands for the proposition that a release given to the original tortfeasor effects, by operation of law, the release of a physician negligently aggravating the injuries. See *Knight v. Lowery,* 124 Ga. App. 172, 173 (183 SE2d 221).)

Thus, the issue of defendant's liability for plaintiff's loss of sight is a matter for jury consideration. It is, of course, axiomatic that causation-in-fact must be established as a requisite to recovery. *Reid v. Modern Roofing &c. Works, Inc.,* 89 Ga. App. 285 (79 SE2d 31); *Lewis v. Drake,* 116 Ga. App. 581 (158 SE2d 266) (no theory of causation, no recovery); *McKinney v. Burke,* 108 Ga. App. 501 (2) (133 SE2d 383) (no matter how negligent party may be, if act stands in no causal relation to injury it is not actionable). See generally Prosser, Law of Torts, p. 236, § 41 (4th Ed. 1971).

*Judgment reversed. Quillian, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 15, 1977 — DECIDED OCTOBER 11, 1977 — REHEARING DENIED DECEMBER 1, 1977 —

*Albert B. Wallace, Charles M. Lipman,* for appellants.

*Long, Weinberg, Ansley & Wheeler, Arnold Wright, Jr., F. Clay Bush,* for appellee.