## 64038. THOMAS et al. v. DICKSON.

DEEN, Presiding Judge.

When E. T. Lloyd, Inc., went out of business, three employees (Dickson, Thomas and Akin) formed a new corporation, Trio Sales Agents, Inc., to continue Lloyd's business as sales representative for manufacturers of electrical products. The three men each paid $1,000 for 1,000 shares of stock in the corporation and each loaned it $9,000 in return for a promissory note that was payable on demand. All three became officers and directors of the corporation. (Akin was president, Dickson vice-president and Thomas secretary-treasurer.) Dickson died on March 18, 1977. His widow and sole heir was appointed executrix of his estate, and his 1,000 shares are now part of the undistributed estate.

When the corporation was formed, the three shareholders agreed that each would receive a salary of $1,000 a month and that they would distribute any profits equally as "bonuses" or "additional compensation" at the end of each quarter of the fiscal year. (Apparently employees of the corporation also received bonuses from the profits, but most of the profits were divided between the shareholders.) The amount of the distribution was agreed upon by Akin, Dickson and Thomas until Dickson's death. After that date, the decision was made by Thomas and Akin until Akin sold his stock to Thomas in 1979. Thereafter, the decision was made solely by Thomas although two employees of the corporation replaced Dickson and Akin as officers and directors. The corporation never declared a dividend and after Dickson's death his estate did not receive any part of the distribution of the profits.

After Dickson's death, Trio paid his salary through April 15, 1977, and later repaid the $9,000 loan. Akin and Thomas also approved a payment of an additional $5,000 to Mrs. Dickson as a "salary continuation" or "death benefit" which was apparently tied to an offer to let them individually purchase her husband's stock for $1,000. She refused to sell the stock for $1,000 because she believed it to be worth much more.

Mrs. Dickson, individually and as executrix of her husband's estate, brought an action against Akin, Thomas, and Trio contending: (1) that since her husband's death, Akin and Thomas conspired to keep all profits of the corporation to themselves by raking off all the profits in the form of salary increases and bonuses and refusing to pay any profits to the estate, (2) that the bonuses and salary increases were actually dividends and that she was entitled to one-third of these amounts, (3) that Trio had not paid the $5,000 death benefit to her, (4) that financial information necessary to evaluate the $1,000 offer to purchase her husband's stock was wrongfully withheld from her, that substantial pressure was placed on her to sell the stock, that they reduced the book value of the corporation by paying out bonuses to themselves thereby intentionally misrepresenting the true value of Dickson's interest in an effort to purchase the stock for less than its fair value and sought $100,000 in punitive damages and reasonable attorney fees. Count 5 was a shareholder derivative action brought on behalf of Trio Sales. Akin and Thomas filed a motion to dismiss Counts 1, 2 and 4 contending that Mrs. Dickson could only bring a shareholder derivative suit and could not bring a suit against them individually as officers of the corporation. The trial court denied their motion and this court refused to review that decision on an interlocutory appeal.

The jury verdict found Akin and Thomas equally liable to Mrs. Dickson for the years 1976 through 1979. (Each was ordered to pay $9,333.33 for 1976-77, $11,666.66 for 1977-78, $10,666.66 for 1978-79.) In addition, Thomas was found liable for $5,333.33 for 1979-80 and $333.33 for 1980-81. On Count 4, they awarded her punitive damages of $25,000 plus $16,000 in legal fees from Akin and Thomas jointly. On Count 3 she was awarded $5,000 plus $1,400 interest and "no action" on Count 5. Thomas and Trio Sales appeal that decision. Akin is not a party to the appeal.

1. Appellants contend that the trial court erred in denying their motions to dismiss, for a directed verdict and a judgment notwithstanding the verdict as to Counts 1, 2 and 4 because a shareholder is not permitted to bring a direct action against an employee, officer, director or other shareholder. In *Pickett v. Paine,*

230 Ga. 786 (199 SE2d 223) (1973), the possibility of permitting direct recovery by a shareholder was recognized although not permitted under the facts in the case. See also *Davis v. Ben O'Callaghan Co.,* 238 Ga. 218 (232 SE2d 53) (1977). In *Davis,* supra, at 222, the court acknowledged exceptions to Code Ann. § 22-714 and held: "Shareholders have been allowed to maintain direct actions against corporate officers and directors when to allow the corporation to retain the proceeds of the judgment would actually benefit the parties who were guilty of the very misconduct which gave rise to the action." As in *Pelletier v. Schultz,* 157 Ga. App. 64, 67 (276 SE2d 118) (1981), "plaintiff sought recovery in his own right because to bring suit on behalf of the corporation would have benefited the very persons whose tortious conduct caused him the loss. See *Chalverus v. Wilson,* 212 Ga. 612 (2) [(94 SE2d 736) (1956)]; *Davis v. Ben O'Callaghan Co.* [supra]; Kaplan's Nadler, Ga. Corp. Law 366, § 10-18 [1971 Ed.]; 19 AmJur2d 73-74, Corporations §§ 535, 536; Id. at 681-682, § 1274." (In *Pelletier,* the defendants did not contest the right of the plaintiff to bring the suit, but the court cited the above quoted authority for permitting such a suit.) Thomas is presently in complete control of the corporation as majority stockholder and if the remedy for the wrong alleged in the shareholder suit is merely to require Thomas and Akin to return all profits to the corporation, he would gain control over money he took in the first place as well as that taken out of the corporation by Akin. We find no error in the trial court's ruling.

2. Appellants further contend that the trial court's failure to direct a verdict and grant a judgment notwithstanding the verdict as to Count 3 was error in that the corporation's offer to pay Mrs. Dickson a $5,000 death benefit as part of a package deal to purchase the 1,000 shares of stock owned by Dickson's estate was not supported by any consideration. We agree. As this benefit was not in existence at the time of Dickson's death (the evidence showed that the only benefits offered to employees of the corporation was a health insurance plan and possibly the quarterly bonuses), there was no consideration for it. See *Fletcher v. Amax,* 160 Ga. App. 692 (288 SE2d 49) (1981). It was therefore a gratuitous promise made without consideration and has no binding effect on the corporation. *Webb v. Warren Co.,* 113 Ga. App. 850 (149 SE2d 867) (1966).

Judgment affirmed as to Counts 1, 2 and 4. Reversed as to Count 3.

*Affirmed in part; reversed in part. Sognier and Pope, JJ., concur.*

DECIDED MAY 26, 1982 —
REHEARING DENIED JUNE 15, 1982 —

*James E. Massey, Richard B. Herzog, Jr.,* for appellants.
*Daniel M. Coursey, Jr.,* for appellee.