## 65471. GRIZZARD v. PETKAS.

SOGNIER, Judge.

Jim Petkas, as a director and shareholder of the Piedmont-Lindberg Corporation, sued James Grizzard, Eugene Simons and Piedmont-Lindberg alleging illegal disposition of the corporate assets, fraud, conspiracy and breach of fiduciary duty. The defendants moved to dismiss the complaint on the ground that suit was barred by the statute of limitation. The motion was denied and the jury returned a verdict in favor of Petkas and against Grizzard only in the amount of $50,000, plus attorney fees and expenses. Grizzard appeals.

1. Appellant contends that the trial court erred in failing to dismiss the complaint because appellee's cause of action was barred by the four-year statute of limitation provided for in OCGA § 14-2-153 (Code Ann. § 22-714). Appellant contends that appellee's cause of action arose in September 1973 when the corporate assets were sold and that the instant suit filed in January 1979 is time barred. Appellee originally filed a similar complaint against Grizzard in August 1973; however, the first suit was voluntarily dismissed in November 1978.

The instant suit was filed on January 22, 1979, and although

appellee argues that it was filed pursuant to the renewal statute, OCGA § 9-2-61 (Code Ann. § 3-808), the complaint contained no reference to the former action nor were the pleadings of the former case attached. In response to appellant's motion to dismiss the complaint based upon the statute of limitation, appellee contended that the case was a renewal of a former action. However, appellee did not offer any evidence of the former action. The trial court denied the motion to dismiss "[a]fter careful consideration of . . . the entire file of record," and being cognizant of the statute providing for renewal.

Appellant next filed a motion for more definite statement seeking to require appellee to attach a copy of the former suit to the instant case. Appellee responded that because the second case was in the same court, before the same judge, the record was already before the court and need not be presented. The trial court denied appellant's motion for more definite statement saying that the instant suit was a renewal of a former action and that, therefore, appellee was not required to attach a copy of the complaint in the former action. At no time was the record or former complaint introduced as evidence in the case. The case went to trial and the jury returned a verdict against appellant.

On appeal, appellant argues strenuously that the trial court erred in finding that the suit was a renewal action when there was nothing in the record with which the case could be compared. In his order denying appellant's motion for more definite statement, the trial court found: "that the Pre-Trial Order entered by this Court on November 7, 1978 in Civil Action No. B-86925, which case was voluntarily dismissed by the Plaintiff, clearly and specifically sets forth the issues to be tried in that case and, further, that the within action is a renewal of one (B-86925) previously before the same judge, in the same court, involving substantially the same issues and parties, and to which no final judgment was rendered on the merits."

Finding nothing in the record to support the trial judges' order, this court ordered the trial court to supplement the record to include "what was *presented to* and considered by the trial court in hearings on the motions." (Emphasis supplied.) The trial court responded to our order by supplementing the record with the complaint and amendments in the former case and the pre-trial order and voluntary dismissal. The trial court again explained the evidence he considered but specifically noted that there were *no hearings* before the trial court in connection with his rulings on the motion to dismiss or motion for more definite statement. In an additional order explaining his ruling, the trial court noted that he relied on the local rule of Fulton County Superior Court in determining that the case was a renewal of a prior case which had been voluntarily dismissed.

Thus, the trial court ruled that appellee need not attach a copy of the prior case to the second complaint.

It is apparent from the record in the instant case that appellee never attached the pleadings or record of the former case, nor did he introduce such pleadings or records into evidence at any hearing on the matter. The trial court, because he was familiar with the prior case and relying on the local rule, apparently took judicial notice of the pleadings and record of the former case. We think this was error.

OCGA § 9-2-61 (a) (Code Ann. § 3-808) provides: "If a plaintiff discontinues or dismisses his case and recommences the same within six months, the renewed case shall stand upon the same footing, as to limitation, with the original case." In order to show the right to renew the suit within six months after the dismissal of a prior suit on the same cause of action, when such right is relied upon to relieve the plaintiff of the bar of the statute of limitation, it is necessary for the renewal petition to show affirmatively that the former petition was not a void suit, that it may be renewed under OCGA § 9-2-61 (Code Ann. § 3-808), that it is based upon substantially the same cause of action, and that it is not a renewal of a previous action which was dismissed on its merits so that the dismissal would act as a bar to the rebringing of the petition. *Morrison v. Bowen,* 106 Ga. App. 464 (127 SE2d 194) (1962). The renewal petition may either contain a copy of the petition in the former suit or allege its substance. *Barber v. City of Rome,* 39 Ga. App. 225 (146 SE 856) (1928). A plaintiff may amend a petition which fails to show on its face that it is a renewal of an earlier action. *Bourquine v. City of Patterson,* 151 Ga. App. 232 (259 SE2d 214) (1979).

It is clear that a plaintiff seeking to invoke the protection of the renewal statute in order to avoid the statute of limitation must allege that it is a renewal petition brought on substantially the same cause of action as the former suit, or attach a copy of the former petition, or amend the complaint to show that it is a renewal of the former case, or place in evidence proof of the prior filing. *Duckworth v. Collier,* 164 Ga. App. 139, 140 (296 SE2d 640) (1982); see also *Mullins v. Belcher,* 159 Ga. App. 520 (284 SE2d 35) (1981).

Just as a judge of one court may not take judicial notice of the contents of the records of another court in a renewal case, *Barber v. City of Rome,* supra at 226, the trial court may not take judicial notice of the record in another case in the same court, without its *formal introduction in evidence. Nelson v. Smothers,* 164 Ga. App. 112 (296 SE2d 414) (1982). *Spearman v. Jaudon,* 145 Ga. App. 136 (243 SE2d 90) (1978); *Doyal & Assocs. v. Blair,* 138 Ga. App. 314 (226 SE2d 109) (1976). While we recognize that the above cited cases involve the doctrine of res judicata rather than the renewal statute we

think the weight of authority supports the rule that in a case renewed pursuant to OCGA § 9-2-61 (Code Ann. § 3-808), the plaintiff is required to make a showing that the former case was voluntarily dismissed and that the renewed suit is between the same parties and based upon substantially the same cause of action. The local rule notwithstanding, the trial judge *may not* take judicial notice of the prior case. The trial judge erred in failing to dismiss the instant case based upon the bar of the statute of limitation.

2. In view of our decision in Division 1 of the instant case, it is not necessary to address appellant's other enumerations of error.

*Judgment reversed. Quillian, P. J., and Pope, J., concur.*

DECIDED JUNE 17, 1983 —
REHEARING DENIED JULY 1, 1983 ▮

*Marion Smith II, John L. Latham,* for appellant.
*Larry H. Chesin, Stanley E. Kreimer, Jr., Robert N. Meals, Jr.,* for appellee.