## 65471. GRIZZARD v. PETKAS.

Sognier, Judge.

This case returns to us from the Supreme Court's decision in *Petkas v. Grizzard*, 252 Ga. 104 (312 SE2d 107) (1984), reversing our opinion in *Grizzard v. Petkas*, 167 Ga. App. 254 (305 SE2d 861) (1983). To conform with the Supreme Court's opinion, we now find that the renewal provisions of OCGA § 9-2-61 bar the application of the statute of limitation here, so therefore we must now address the other errors enumerated by appellant Grizzard on appeal.

We refer to our earlier opinion and the Supreme Court's opinion for a full statement of the facts. Appellant contends that the trial court erred by refusing to charge the jury pursuant to appellant's written request on the issues of estoppel and waiver. Appellee brought suit against appellant alleging among other things that appellant, by purchasing the ground leases owned by the corporation in which both appellant and appellee were directors and shareholders, had violated his fiduciary duty owed the corporation and its shareholders. Evidence was adduced at trial that during the board of directors meeting in which the ground leases were sold and prior to any offer to purchase made by appellant, appellee himself offered to purchase the ground leases. Appellee testified that rather than let a third party purchase the leases he had his attorney make an offer for them. A transcript of the meeting was entered into evidence which showed that only after receiving reassurance from appellee's attorney that "there's no reason why [appellant] can't [make an offer]," did appellant tender his bid, in an amount two thousand dollars higher than appellee's offer. Appellant's offer was seconded by the third director who testified at trial that he would not have voted on the pro-

position had not appellee initiated the bid making.

Appellant's request for charge on the issues of estoppel and waiver was correct as a matter of law and was keyed to the facts of the case. Proper objection was made to the trial court's failure to charge. Therefore, the trial court erred when it declined to instruct the jury with reference to the written request. See generally *Claxton Poultry Co. v. City of Claxton*, 155 Ga. App. 308, 315 (8), 317 (9) (271 SE2d 227) (1980); *Sanders v. Griffin*, 134 Ga. App. 689 (1) (215 SE2d 720) (1975).

*Judgment reversed. Quillian, P. J., and Pope, J., concur.*

DECIDED MARCH 16, 1984 —
REHEARING DENIED MARCH 29, 1984 — 

*Marion Smith II, John L. Latham,* for appellant.
*Larry H. Chesin, Stanley E. Kreimer, Jr., Robert N. Meals, Jr.,* for appellee.