### 41085. PETKAS et al. v. GRIZZARD.
(321 SE2d 323)

MARSHALL, Presiding Justice.

Jim Petkas, as a director and shareholder of Piedmont-Lindbergh Corporation, sued James Grizzard, Eugene Simons and the corporation, alleging illegal disposition of corporate assets, fraud, conspiracy and breach of fiduciary duty. The trial court denied the defendants' motion to dismiss based on the statute of limitation, and there was a verdict against defendant Grizzard only. The Court of Appeals reversed, holding that the trial court should have dismissed the action as barred by the statute of limitation, and that the trial judge could not take judicial notice of the record in another case in the same court where the record had not been introduced in evidence and it was not alleged that it was a renewal action. *Grizzard v. Petkas*, 167 Ga. App. 254 (305 SE2d 861) (1983).

This court granted certiorari; reversed, holding that the trial judge may take judicial notice in such situations; and remanded the case to the Court of Appeals for consideration of the remaining issues consistent with our opinion. *Petkas v. Grizzard*, 252 Ga. 104 (312 SE2d 107) (1984).

The Court of Appeals again reversed, holding that the trial court had erred in failing to give a requested charge on the issues of estoppel and waiver, which charge was categorized as "correct as a matter of law and was keyed to the facts of the case." *Grizzard v. Petkas*, 170 Ga. App. 504 (317 SE2d 631) (1984). We again granted certiorari, this time for the co-executors of the estate of Jim Petkas, who were substituted as parties plaintiff pursuant to the suggestion upon the record of the death of Mr. Petkas. *Held*:

The requested charge (No. seven) on the issues of estoppel and waiver, is as follows: "Members of the jury, plaintiff alleges that the sale of the ground lease to Mr. Grizzard by Piedmont-Lindbergh Corporation was improper. Defendants submit that plaintiff is estopped, that is to say barred, from complaining about the sale, because he allegedly attempted to purchase the leases himself for less than the sale price during the September 6, 1973, meeting and because he told Mr. Grizzard that Mr. Grizzard could bid on the leases.

"I charge you that if you find that plaintiff made these statements to the defendants with knowledge or reasonable grounds to believe that Mr. Grizzard and Mr. Simons would act on them, plaintiff would be barred from complaining about the manner in which the sale was conducted and you would be authorized to return a verdict for the defendants.

"Ga. Code Ann. § 38-114; *Dingfelder v. Ga. Peach Growers Exchange*, 182 Ga. 521, 522 (186 SE 425) (1936)."

It is arguable that this enumerated error was not sustainable because there is no reference in the brief or the enumeration of errors to the portion of the record where the requested charge may be found, a copy of the charge being merely attached to the brief as an exhibit. See *Smith v. Hardy*, 144 Ga. App. 168, 172 (11) (240 SE2d 714) (1977). However, in view of the fact that the location of the requested charge in the record is ascertainable, we consider the merits of this enumeration of error. *Justice v. Dunbar*, 244 Ga. 415 (260 SE2d 327) (1979). For reasons which follow, we reverse the Court of Appeals' opinion.

The Court of Appeals' discussion of the evidence is limited exclusively to a certain board of directors' meeting of the parties' corporation. There is no doubt as to what occurred at this meeting, because Mr. Petkas, anticipating wrongful conduct on the part of Mr. Grizzard, brought a court reporter to the meeting and had the meeting transcribed. The transcript, which was admitted in evidence, shows that any offer made on behalf of the plaintiff during the directors' meeting was a desperation effort, made subject to his objections to the legitimacy and legality of the meeting and designed to sidetrack what turned out to be a fait accompli. Furthermore, the Court of Appeals' opinion makes no reference to the undisputed evidence of Mr. Grizzard's purchase of the lease at a price of approximately $223,000 based upon the decision reached at the directors' meeting, and his resale of the lease 18 days later for a price of approximately $388,000, which included the buyer's agreeing to assume the personal debts of Grizzard and his wife in the amount of $165,000.

The requested charge is argumentative, misstates the evidence, is merely a statement of the defendants' contentions, and is an incomplete and inadequate statement of the law of estoppel. See *Cobb County Rural Elec. Mem. Corp. v. Bd. of Lights &c.*, 211 Ga. 535, 539 (87 SE2d 80) (1955). The request imposed no requirement that the defendants must have relied to their detriment upon the alleged conduct of the plaintiff, as is required. See, e.g., *Tybrisa Co. v. Tybeeland, Inc.*, 220 Ga. 442 (139 SE2d 302) (1964).

Moreover, even if the requested charge is considered appropriate, failure to give it in the exact language requested is not reversible error where, as here, the trial court accurately and fully charged the

relevant law. *Ponder v. Ponder,* 251 Ga. 323 (3) (304 SE2d 61) (1983) and cits. The trial court instructed the jury in relevant portions of the charge as follows:

"They [defendants] filed a counterclaim against Mr. Petkas, claiming that he is acting in bad faith for the purpose of harassing Mr. Grizzard. *They also allege that Mr. Petkas was present at the meeting where the assets of Piedmont-Lindbergh were sold and that he failed to oppose the sale and, in so doing, he waived any right he had to object to it or to complain about the sale . . .* [T. 580]

"Members of the jury, *I charge you that under the Georgia law a party is bound by the representations of his attorney.* Under Georgia law, an attorney is cloaked with authority to bind his client by agreements and any such agreements made by an attorney may be enforced by other parties.

"Now the plaintiff in this case alleges that the defendant sold the assets of the corporation to Mr. Grizzard for substantially less than the fair market value. *And the defendants contend that Mr. [Petkas] consented to the sale by failing to oppose it or vote against it . . .* [T. 591]

"I charge you that a director of a corporation who is present at a meeting of the board of directors at which action on any corporate matter is taken, is deemed to have assented to the action unless his dissent shall be entered in the minutes of the meeting of the corporation. *And I charge you that where stockholders or directors of a corporation participate in the performance or doing of an act or acquiesce in or ratify that act, they cannot later complain or claim damages for such action.*

"Members of the jury, *I charge you that if a party consents to an act about which he now complains and his consent was freely given at the time and not procured by fraud, then no action for fraud could rely on such complaint. If you find the sale of the ground leases to Mr. Grizzard was fair as to the corporation at the time that it was authorized by the board of directors and that Mr. Grizzard was not unjustly enriched by such sale, then you would be authorized to find for the defendants in this case.*" (T. 592-593) (Emphases supplied.)

Accordingly, the judgment of the Court of Appeals is reversed, and this case is again remanded to that court for consideration of the remaining issues consistent with this opinion, which issues have not been argued before this court.

*Judgment reversed and remanded to the Court of Appeals. All the Justices concur, except Hill, C. J., who concurs in the judgment only.*

*Meals & Parks, Robert N. Meals, Larry H. Chesin,* for appellants.

*Smith, Cohen, Ringel, Kohler & Martin, Marion Smith II, John L. Latham,* for appellee.