## 65471. GRIZZARD v. PETKAS et al.
(327 SE2d 514)

SOGNIER, Judge.

Our opinion in this case having been reversed by the Supreme Court, *Petkas v. Grizzard*, 253 Ga. 407 (321 SE2d 323) (1984), we thus conform our opinion with the Supreme Court's opinion and address those remaining errors enumerated by appellant Grizzard on appeal.

1. Although appellant's enumerations concerning the denial of his motion for directed verdict and the sufficiency of the evidence to support the jury verdict were not specifically addressed by the Supreme Court, we are guided by that opinion in concluding there was sufficient evidence to support the jury's verdict and the trial court did not err by denying appellant's motion for directed verdict. *Petkas*, supra at 408.

2. We find no merit in appellant's enumerations of error concerning the award of reasonable expenses and attorney fees to appellee Petkas. Appellant's enumerations do not contend error in the verdict allowing appellee to recover directly against appellant (but see *Thomas v. Dickson*, 162 Ga. App. 569, 571 (291 SE2d 747) (1982), which allows a shareholder to recover directly where "to allow the corporation to retain the proceeds of the judgment would actually benefit the parties who were guilty of the very misconduct which gave

rise to the action"). Rather appellant contends error in appellee's direct recovery of costs and attorney fees against appellant and argues that under OCGA § 14-2-123 (e) costs and attorney fees cannot be assessed directly against the corporate officers responsible for the very misconduct which gave rise to the action but must instead be assessed against the injured corporation and can only be paid out of the verdict fund awarded the corporation.

The Supreme Court in *Pickett v. Paine*, 230 Ga. 786, 790 (199 SE2d 223) (1973) stated that although "[a]s a general rule, . . . complaining shareholders will not be allowed to recover *directly*[, cits.] [t]he Georgia Business Corporation Act, Code Ann. § 22-615 (d), [now OCGA § 14-2-123 (e)] *excepts* in this regard only costs and attorney fees as may be incurred by the minority shareholder as a result of the derivative action." (Emphasis supplied.) Thus we find that OCGA § 14-2-123 (e) does not prevent a shareholder's recovery of costs and attorney fees directly from the corporate officers responsible for the misconduct giving rise to the derivative action. The trial court did not err by awarding appellee costs and attorney fees here.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED FEBRUARY 13, 1985 —
REHEARING DENIED MARCH 5, 1985.

*Marion Smith II, John L. Latham,* for appellant.
*Larry H. Chesin, Stanley E. Kreimer, Jr., Robert N. Meals, Jr.,* for appellees.