## 48904. LOCKLEAR v. THE STATE.

PANNELL, Judge.

The defendant was indicted, tried and convicted on three counts of aggravated assault with a pistol, on three different trainmen, one in each count. The encounter started when defendant and a friend in an automobile were blocked at a railroad crossing while a train was switching cars. After the crossing was cleared, the defendant approached one of the trainmen, an argument started, and a fight occurred in which one of the trainmen testified defendant threatened him with a knife. This the defendant denied. Other trainmen came to the scene and forced defendant back into his automobile, and one of the trainmen hit defendant in the mouth with a lantern. Defendant stated he was going to get his gun and would be back. There was evidence that as he left he attempted to run down some of the trainmen with his automobile. He did come back, as promised, with his gun and the chase started during which the gun was fired at least twice, although the evidence as to the circumstances of its firing was in sharp conflict. Defendant's motion for new trial was overruled and he appealed. *Held:*

1. The evidence, though to some extent cir-

cumstantial, was nevertheless sufficient to sustain the verdict on each count of aggravated assault with a pistol.

2.   Testimony of a prior assault with a knife and an automobile preceding assault with a pistol was part of a continuous transaction and was admissible over the objection that it tended to prove a crime different than that alleged in the indictment. See *Frank v. State,* 141 Ga. 243 (80 SE 1016); *Green v. State,* 172 Ga. 635 (3) (158 SE 285); *Childers v. State,* 100 Ga. App. 250 (1) (110 SE2d 703); *Jefferson v. State,* 101 Ga. App. 308, 309 (2) (113 SE2d 500).

3.   The sole argument presented in reference to Enumeration of error No. 3 was the following: "Appellant, in enumeration of error '3,' complained of the trial court's allowing into evidence, over objection, a conversation between one of the witnesses and his superior on the grounds that this was hearsay evidence and was not relevant nor material to the issues being tried, and constituted a self-serving declaration." A mere statement of a contention without argument and citation of authority will be considered as an abandonment of the enumeration of error. *Mabry v. Henley,* 123 Ga. App. 561, 568 (4b) (181 SE2d 884).

4.   There was no reversible error in allowing in evidence, for the purpose of explaining subsequent conduct of the witness, a statement by the witness, one of the trainmen acting as an engineer, that "As I had pulled out and shoved back up to the train, the flagman yelled over the radio to back up that they were shooting at them," over the objection that such a statement was hearsay, when the flagman, referred to, also testified he made such a statement.

5.   The trial judge charged the jury as to the form of verdict in the event they found the defendant guilty, and that they should make a determination as to each count. This charge was not error nor was it confusing to the jury merely because there was evidence of two other assaults, with a knife and with an automobile. This charge was specific as to the three counts of the indictment, assault by shooting at another, and in our opinion, the jury could not have been confused thereby.

6.   Certified copies of the convictions of various

offenses in violation of municipal ordinances of the City of Atlanta certified by the clerk of the court were properly admitted in evidence in the sentence hearing over the objection that only state offenses were admissible, as well as the objection that the documents were not properly certified. Ga. L. 1970, pp. 949, 950 (Code Ann. § 27-2534); Code § 38-606.

7. The charge on presumption of innocence of one accused of crime until proved guilty beyond a reasonable doubt meets the requirements of the law. Although the words "this presumption remains with him throughout the trial" were not expressly used, the charge was *substantially* to that effect. See *Finch v. State,* 24 Ga. App. 339 (4), (100 SE 793).

8. A contention that a charge on criminal negligence was confusing and misleading to the jury without pointing out which of two charges on criminal negligence was referred to and without stating wherein either of the charges was confusing and misleading will not be considered and passed upon. Neither will we consider a complaint that the court erred in failing to charge on simple assault when the evidence required such charge, nor where complainant fails to point out to the court what the evidence was or where it could be found, by citation to the record or transcript of the evidence. *Robinson v. McLain,* 123 Ga. App. 664 (2) (182 SE2d 157).

*Judgment affirmed. Eberhardt, P. J., and Evans, J., concur.*

SUBMITTED JANUARY 11, 1974 — DECIDED APRIL 2, 1974.

*Glyndon C. Pruitt,* for appellant.
*Bryant Huff, District Attorney, Gary Davis, Dawson Jackson,* for appellee.