## 58077. DUKES v. THE STATE.

UNDERWOOD, Judge.

The appellant, Dukes, was convicted in the Superior Court of Crisp County of armed robbery. His sole enumeration of error is that the trial court erred in denying his motion for a new trial because the evidence is not sufficient to support the verdict. We affirm.

On the evening of June 23, 1978, Ms. Janice Akins was working as a clerk in a convenience store in Cordele, Georgia. Sometime between 10 and 11 p.m. two men entered the store and asked for beer. Ms. Akins explained that the store did not sell alcoholic beverages, whereupon one of the men laid a gun on the counter and said: "[W]e'll take your money then." Ms. Akins put the money on the counter and the men seized the money, along with three packs of cigarettes, and started out the door. One of the men, later identified as Dukes, re-entered the store and ordered Ms. Akins into the back room. A passerby, believing something was suspicious, came to Ms. Akins' aid and summoned the police.

Police were given a description of the two robbers and the car they were driving. The car described was a blue Chevrolet with a "Playboy" tag on the front. Dukes, driving a car fitting this discription, was arrested when he drove into his residence later the same evening. He was taken to the station where he signed a consent to search form authorizing the police to search the car. The search revealed, among other things, money stuffed in a shoe and a pistol subsequently identified as the one used in the robbery. Dukes initially told the police he was in Albany

at the time of the robbery, but later changed his story and said he had loaned his car to Alexander. However, Dukes could not explain how he regained possession of the car after allegedly loaning it to Alexander. Dukes directed the police to Alexander, who was arrested at a local club.

The morning following the robbery the store clerk examined a broad selection of photographs. She distinguished, without difficulty, Dukes and Alexander as the two men who had robbed the store. She also positively identified Dukes in court and testified that he was the one who had returned and ordered her into the back room at gunpoint.

Alexander testified at trial that he had known Dukes for three or four months and that they had talked about the robbery twice before it was committed. On the day of the robbery he and Dukes rode around in Dukes' car, drank some beer and went to the Penthouse Club. Around 5 p.m. they were cruising again and discussing how to get money to pay some bills. Dukes suggested robbing the convenience store and mentioned how easy it would be, especially since it was raining. They surveyed the store and then parked behind the building so as not to be seen. They entered the store and committed robbery.

Based on the foregoing evidence, and after a review of the entire record, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt. Jackson v. Virginia, —- U. S. —- (99 SC —-, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J. and Banke, J., concur.*

SUBMITTED JULY 11, 1979 — DECIDED SEPTEMBER 12, 1979.

*A. Frank Grimsley,* for appellant.
*D. E. Turk, District Attorney, Gary C. Christy, Assistant District Attorney,* for appellee.