### 61447. GIBBS v. THE STATE.

CARLEY, Judge.

Appellant was convicted in a bench trial of armed robbery. Appellant filed a motion for new trial and then withdrew the motion. However, the case is properly before us in view of an order in the record allowing an out-of-time appeal.

In his only enumeration filed in this court, appellant asserts the general grounds by contending that the evidence was insufficient to support the verdict. The testimony of the victim showed that appellant entered the service station where the victim worked stating that he needed to make a phone call. After staying in the station for twenty or thirty minutes, appellant robbed the victim by approaching him from behind and placing a knife to his neck. Appellant apparently does not dispute his involvement in the

robbery itself. Rather, appellant contends that he didn't have a knife or any other weapon. There was unequivocal testimony from the victim as to the use of a knife. " 'While the [trior of fact] can and must weigh and analyze the evidence, an appellate court, in reviewing on the general grounds, is restricted to determining if there is sufficient evidence to support the [judgment of conviction].' [Cit.] After conviction, the evidence in the record is reviewed on appeal in the light most favorable to the state. [Cit.] Our review of the entire record convinces us that the evidence would authorize any rational trior of fact to find appellant guilty of [armed robbery] beyond a reasonable doubt. [Cits.]" *Mathis v. State,* 155 Ga. App. 655, 657 (272 SE2d 520) (1980); *Laws v. State,* 153 Ga. App. 166, 167 (264 SE2d 700) (1980).

*Judgment affirmed. Deen. P. J., and Banke, J., concur.*

DECIDED FEBRUARY 13, 1981.

*R. Allen Hunt,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.