## 61435. McCANN v. THE STATE.

QUILLIAN, Chief Judge.

William R. McCann, the defendant, was tried before the State Court of Clarke County for the offense of driving under the influence of alcohol. He moved to quash the accusation — which was overruled. He was convicted by the jury and brings this appeal. *Held:*

1. It is contended that the accusation was broader than the affidavit on which it was based and was subject to the motion to quash. Justice Lamar stated it well in *Glass v. State,* 119 Ga. 299 (46 SE 435): "The accusation can not be broader than the affidavit, but, as the greater includes the lesser, if the affidavit is general, the accusation can be specific." In the instant case the accusation was based upon a "Uniform Traffic Citation, Summons, Accusation." See Code Ann. § 92A-2701 (Ga. L. 1972, pp. 1148, 1149). The citation stated, in part, "McCann, William R. . . . Upon the public highway and/or street did unlawfully [√] operate . . . said vehicle in the [√] city . . . within the State of Georgia and did there commit the following

offense . . . While under the influence of intoxicating beers, wine, liquors & opiates (DUI) in violation of section 68A-902.1 [sic] of [√] state law . . ." The accusation charged the defendant with "the offense of misdemeanor; to-wit: *Driving Under the Influence of Alcohol . . .* based upon said affidavit . . . William R. McCann . . . did drive or was in actual physical control of a motor vehicle traveling on S. Milledge Avenue at S. Lumpkin St., being a public street or highway in Athens, Clarke County, Georgia, while under the influence of alcohol." Thus, the affidavit was general in charging the defendant with driving under the influence of "intoxicating beers, wine, liquors & opiates," while the accusation was specific in pinpointing the cause of intoxication — alcohol. Contrary to defendant's assertion, the affidavit was broader than the accusation, and is not subject to the objection made. *Murphy v. State,* 119 Ga. 300 (46 SE 450); *Williams v. State,* 111 Ga. App. 588, 599 (142 SE2d 409).

2. Defendant contends the trial court erred in refusing to strike the testimony of the police officer who administered the intoximeter test on the ground "there was no evidence showing that the intoximeter machine used in taking the test was approved by the Director of the Department of Public Safety . . ."

In the instant case the officer who administered the intoximeter test was licensed by the Director, State Crime Laboratory and his license was introduced in evidence. He testified that "[t]his is a license to operate the — intoximeter . . ." and that he tested "Mr. McCann on equipment furnished by the Department of Public Safety and Crime Laboratory." Since the intoximeter was "furnished by the Department of Public Safety" "it may be inferred that its design was specifically approved" by the Director. See *Smitherman v. State,* 153 Ga. App. 322 (265 SE2d 119). Accordingly, the results of the test were admissible.

*State v. Baker,* 146 Ga. App. 608 (247 SE2d 160), cited by the defendant is not controlling. There, the officer attempted to testify that the director of the crime laboratory had approved the design of the machine in question. In the present case the unobjected to evidence showed the equipment was issued by the State Crime Laboratory. "A witness testifying as to the existence of a fact must testify from his own firsthand knowledge. A witness who testifies to a fact which can be perceived by the senses must actually have observed the fact. If nothing to the contrary appears, he will be presumed to testify from his own knowledge." Agnor's Georgia Evidence 133, § 9-1. The witness testified that the equipment was furnished by the Department of Public Safety. Nothing to the contrary appears in the record. Because it was issued by the Department it is reasonable to infer it had been approved by the

Director.

3. Defendant's objection to the charge is without merit as this is the same charge approved by this court in *Harper v. State,* 91 Ga. App. 456, 461 (86 SE2d 7); and *Flanders v. State,* 97 Ga. App. 779, 781 (104 SE2d 538). See also *Sims v. State,* 92 Ga. App. 169, 171 (88 SE2d 186).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 7, 1981.

*Guy B. Scott, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.