### 63161. HUNSUCKER v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted in two counts with the offense of burglary. The first count alleges a burglary occurring on October 21, 1980, at a rural dwelling house of one victim near Clarkesville, Georgia. Count 2 concerned a burglary of another victim's dwelling house occurring on October 26, 1980, "located at Winchester Road, Demorest, Georgia." The defendant moved to sever and also for a change of venue due to certain news items concerning the burglaries. We find no ruling of the trial court with reference to these motions either in the record or in the transcript of the evidence and proceedings. At the completion of the state's case counsel for defendant moved for directed verdict as to Count 2 (the burglary allegedly occurring on October 26, 1980), and after hearing argument the trial court granted the motion and directed the verdict as to defendant as to this count. The defense then rested its case without putting up any evidence. The court instructed the jury that a motion had been made for directed verdict as to Count 2, which had been granted. A verdict of guilty was then returned on the remaining count, and the defendant was sentenced to serve a term of 10 years. A motion for new trial was filed and denied, and the defendant appeals. *Held:*

1. The first enumeration of error complains of the failure to grant the motion to sever the two counts of burglary as being totally unrelated, involving different victims, different locations, at different times. In response to this enumeration of error the state contends that the trial court never considered the motion. Our examination of the record and transcript confirms this. The burden is on the defendant who asserts error to show it affirmatively by the record, and here there appears to have been no ruling requiring our review. See *Dowdy v. State,* 152 Ga. App. 145-146 (262 SE2d 511), and cases cited. We also note here the decision in *Bell v. State,* 141 Ga. App. 277 (1) (233 SE2d 253), that generally no harm results to a defendant from the consolidation of charges where "the jury returned a verdict of not guilty on one of the indictments." See also *Phillips v. State,* 160 Ga. App. 345 (1981). In the *Phillips* case this court discussed the rulings in *Dingler v. State,* 233 Ga. 462 (211 SE2d 752), and *Haisman v. State,* 242 Ga. 896, 900 (3) (252 SE2d 397), that

is, that offenses may be joined for trial when they are based (1) on the same conduct, or (2) on a series of acts connected together, or (3) on a series of acts constituting parts of a single scheme or plan. Here the offenses occurred in rural areas a few days apart by breaking the glass and opening a door to enter rural dwellings. However, under the circumstances above, since no ruling was obtained on the motion, we find no reversible error.

2. Examination of the evidence with reference to the remaining count of burglary discloses that the evidence was sufficient to support the verdict of guilty. After a careful review of the entire record and transcript we are of the opinion that the trial court did not err in denying the motion for new trial based on the general grounds as the evidence was sufficient to support the verdict of guilty beyond a reasonable doubt based upon the evidence adduced at the trial. A rational trier of fact could reasonably have found same from this evidence. See *Dukes v. State,* 151 Ga. App. 312, 319 (259 SE2d 706); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Snell v. State,* 246 Ga. 648 (272 SE2d 348); *Caffo v. State,* 247 Ga. 751, 754 (279 SE2d 678).

3. During the charge the court gave complete instructions on recent possession of stolen goods, that is, if the jury found that the burglary had occurred and that recently after it occurred, the defendant was found in possession of items taken in the burglary, this recent possession unless satisfactorily explained by the evidence is a circumstance from which it may be inferred that the defendant was guilty of the burglary. During the deliberations of the jury it apparently requested the court to send them a book, and the court stated this could not be given to the jury but that the court would be glad to give a further charge, if necessary, on burglary and recent possession. The court did recharge on burglary and recent possession, but we do not have these instructions in the transcript as the reporter had been excused. At the completion of the charge exception was made to the request as to the charge on recent possession, that is, in giving the state's version and refusing to give the defendant's request to charge on recent possession. The jury then returned a verdict of guilty. Defense counsel then requested to complete the record with reference to the recharge on burglary and recent possession. Counsel contends that the court instructed the jury in regard thereto that the jury had to make a decision "regarding the recent possession in this case as to whether the three days was recent possession." We note here that the crime allegedly occurred as to the remaining count of burglary on October 21, 1980, and evidence was presented that the defendant had sold a weapon on October 24, 1980, later determined to have been stolen from this dwelling. In response to the argument of

defense counsel the court stated, "I think you have fairly accurately stated what transpired and your objection is overruled." But we do not have the complete charge since same was not reported, the court reporter having been excused on agreement of defense counsel. However, it is clear the jury was instructed to the effect that it could consider recent possession of stolen items only if they found such from the evidence, that is, if on the evidence they found a burglary had occurred and recently after it occurred the defendant was in possession of items taken in the burglary, then this recent possession, unless satisfactorily explained by the evidence, is a circumstance from which they might infer the defendant was guilty of the burglary. In the recharge it is admitted that the trial court did tell the jury that it had a decision to make regarding recent possession in this case, "as to whether the three days was recent possession." The charge as made by the trial judge in this regard was not a comment on what the evidence showed, but was merely part of his explanation of the rule on recent possession. The court had previously charged that recent possession is a circumstance from which the jury may infer guilt. We cannot accept the argument of defense counsel that this left the impression upon the jury that the only decision it had to make was whether the three days was recent possession. The cases cited by defense counsel differ on the facts. The trial judge did not state here, as stated in *Parker v. State,* 34 Ga. 262, 263 (3), "the defendant is guilty and you ought to find him so." The defendant offered no evidence, but relied upon the state's evidence to explain his possession as being the result of a divorce and/or separation with his wife and had offered the purchaser of the weapon his divorce papers to prove ownership. This evidence as to possession was exclusively for the jury. See *Lundy v. State,* 71 Ga. 360; *Peacock v. State,* 131 Ga. App. 651 (206 SE2d 582); *Taylor v. State,* 118 Ga. App. 605, 606 (3) (164 SE2d 876). We do not have the exact copy in the transcript of the proceedings with reference to the recharge of the jury, nevertheless under the circumstances we find no merit in this complaint.

4. The remaining enumeration of error complains that the trial court erred in allowing in evidence a bank check which was given in payment for the purchase of a gun on October 24, 1980 (the alleged burglary occurring on October 21, 1980). Defendant contends that this evidence was only repetitive of prior testimony of the witness, as this witness had already testified that he bought a gun and stated how much he paid the defendant for it. Thus, the check should not be allowed in evidence since it "served no purpose whatsoever." However, the check does show the testimony of the witness to be truthful. The trial court did not err in allowing the document in

evidence, even though the witness had already testified as to its contents. The document itself would be the highest and best evidence of the transaction. There is no merit in this complaint.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JANUARY 7, 1982.

*E. Jay McCollum,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.