A89A1080. KING v. THE STATE.
(389 SE2d 500)

POPE, Judge.
Defendant/appellant King was convicted of DUI and failure to grant the right-of-way. The evidence at trial showed that defendant's

car collided with another car when he ignored a stop-light and went into the intersection. While investigating the accident, the state trooper at the scene detected the odor of alcohol on defendant's breath and observed that he appeared intoxicated. The other driver also had the opinion that defendant was drunk. An intoximeter test showed that defendant had a blood alcohol reading of .22 percent.

1. Defendant argues that the actions of the trial court in excusing two jury panels that had already tried cases that week "threw" the jury pool out of racial balance and that one of the two peremptory strikes made by the State was to excuse a black juror in violation of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). There is no merit to this enumeration of error. "A defendant may establish a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial. To establish such a case, the defendant first must show that he is a member of a cognizable racial group, *Castaneda v. Partida*, 430 U. S. 482, 494 (97 SC 1272, 1280, 51 LE2d 498) (1977) and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits those to discriminate who are of a mind to discriminate. *Avery v. Georgia*, 345 U. S. 559, 562 (73 SC 891, 892, 97 LE 1244) (1953). Finally, *the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race.* This combination of factors in the empanelling of the petit jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination.

"In deciding whether the defendant has made the requisite showing, the trial court should consider all relevant circumstances. For example, a pattern of strikes against black jurors included in the particular venire might give rise to an inference of discrimination. Similarly, the prosecutor's questions and statements during *voir dire* examination and in exercising his challenges may support or refute an inference of discriminatory purpose. These examples are merely illustrative. We have confidence that trial judges, experienced in supervising *voir dire*, will be able to decide if the circumstances concerning the prosecutor's use of peremptory challenges creates a prima facie case of discrimination against black jurors. (Emphasis supplied.) *Batson*, 106 SC, supra at 1722, 1723." (Punctuation omitted.) *Mincey v. State*, 257 Ga. 500, 503 (360 SE2d 578) (1987).

The record in the present case shows that the trial court excused jurors who had served on two cases previously tried, leaving 34 jurors,

including blacks in the pool from which the jury in the present case was selected. This was a racially neutral action and no inference of an intent to discriminate can be drawn from it. Regarding the striking of one of the blacks, the prosecutor stated that she was struck because she knew the defendant and his family. This also was a racially neutral action. In addition, the record shows that at least two blacks served on the jury. Thus, we find no error.

2. Defendant argues that the trial court erred in failing to hear and grant his motion to suppress the results of the Intoximeter 3000 machine. However, the record shows that defendant never brought up such a motion at trial, nor objected to the court's failure to rule. Nor did he object to the operator's testimony regarding the results. Thus, we have nothing to review. *Cooper v. State*, 188 Ga. App. 297 (3) (372 SE2d 679) (1988).

3. The trial court properly denied defendant's motion for a directed verdict. Contrary to defendant's argument that the accusation is undated and that there is no proof that the accusation followed the occurrence of the crime charged, the record shows that the offense occurred on May 16, 1987, that the case was transferred from probate court to superior court on May 29, 1987, and that the accusation in superior court on its face shows that it is for the November 1987 term and contains a handwritten notation "N/A 11/16/87." This is sufficient proof that the accusation followed the occurrence of the crime. The evidence was sufficient to send the case to the jury.

4. Defendant argues that the trial court erred in charging the jury on the elements of OCGA § 40-6-391 (a) (1-3) when he was charged only with the *per se* violation of having .12 percent blood-alcohol level contained in OCGA § 40-6-391 (a) (4). "Since [defendant] was charged with DUI by having .12 percent or more by weight of alcohol in his blood . . . the instructions concerning being a less safe driver . . . and the inferences listed in OCGA § 40-6-392 (b) (1-3) were superfluous. [Cit.] However, since the jury was also informed of the legal ramifications of a blood-alcohol content of over .12 percent and there was evidence that [defendant's] blood-alcohol content was greater than .12 percent, we do not believe the additional language in the charge was harmful to [defendant]." *Courson v. State*, 184 Ga. App. 793, 795 (363 SE2d 41) (1987). Nor do we find harmful the trial court's repetition of the elements of OCGA § 40-6-391 (a) (4) in separate portions of the charge.

5. In sentencing, the trial court accepted into evidence a copy of a prior conviction for DUI in the City Court of Griffin. It was attested by Pat Walker, a notary public, to be a true and accurate record. Defendant objected that it was not properly certified. He was correct. It was not certified under seal as required by OCGA § 24-7-21. However, another properly certified conviction for DUI was admitted. As the

sentence imposed is within the limits set out in OCGA § 40-6-391 (c) (2) for those convicted twice within a five-year period, defendant suffered no harm from the improper admission.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 9, 1989 — REHEARINGS DENIED DECEMBER 11 AND DECEMBER 20, 1989 — 

*Virgil L. Brown & Associates, Virgil L. Brown,* for appellant.

*W. Fletcher Sams, District Attorney, J. David Fowler, Assistant District Attorney,* for appellee.