## A92A0422. JOHNSON v. THE STATE.
### (419 SE2d 741)

POPE, Judge.

Defendant David B. Johnson was convicted of driving under the influence of alcohol and driving with a suspended license and appeals. While defendant raised 17 separate enumerations of error, for purposes of argument he grouped the enumerations into certain categories, and we will address them accordingly.

1. We reject defendant's argument that the trial court erred in considering the written blood alcohol test results as evidence during the hearing on the State's motion to introduce evidence of similar transactions because the document was not properly authenticated by testimony. While defendant has a right to a hearing on the similarity of other transactions sought to be admitted into evidence, it need not be a full evidentiary hearing and it is sufficient if the prosecutor shows the requisite similarity of the previous transaction by stating in his place the nature of the evidence to be given regarding the similar transaction. *McGowan v. State*, 198 Ga. App. 575 (1) (402 SE2d 328) (1991). We have considered, but also reject, defendant's argument that certain other documentary evidence was improperly considered in the hearing on the motion to introduce evidence of similar transactions.

We reject defendant's argument that the trial court improperly admitted into evidence a copy of the sentence showing one of defendant's previous convictions for DUI on the ground that it was unfairly prejudicial because it indicated defendant was given credit for time served and therefore showed defendant was incarcerated at the time of the sentence. Defendant argues the sentence fails to show whether the incarceration was for the similar offense at issue in the sentence or some other unrelated, and therefore dissimilar, offense. We disagree that the evidence was unfairly prejudicial; but even if it was, the evidence was competent and material and therefore not subject to exclusion merely because it was prejudicial. See *Hale v. State*, 188 Ga. App. 524 (2) (373 SE2d 250) (1988). The court did not err in admitting a copy of the uniform traffic citation for another similar transaction. The document was properly authenticated as a certified record of the Marietta Municipal Court and was therefore admissible. See OCGA § 24-7-21. The certified copy of the citation, in conjunction with a copy of the conviction for the citation, contained sufficient information to establish that the offense was committed at approximately the same time of day as the offense at issue in this case and that test results revealed defendant had approximately the same alcohol concentration as in the case at hand. Thus, the evidence showed a sufficient similarity between the two offenses to permit admission of the previous offense as a similar transaction. Cf. *Williams v. State*,

261 Ga. 640 (2 c & d) (409 SE2d 649) (1991) (in which the Georgia Supreme Court held a certified copy of a previous felony conviction was not, alone, sufficient evidence of the similarity between the previous offense and the offense at issue in the case). We reject defendant's argument that the certified copy of his driver's license record was improperly admitted. The record shows that defendant's license was suspended in October 1989 and shows no reinstatement of the license between that date and the date of the report, several months after the date of the offense in this case.

2. We have examined the record and find no error in admitting the testimony of the arresting officer in one of defendant's previous DUI cases regarding his opinion of whether defendant was a less safe driver in that case. Neither did the trial court err in overruling defendant's objection to the testimony of the arresting officer in the case at hand concerning the manner in which she determined defendant's driver's license number.

3. The trial court did not err in denying defendant's motion for directed verdict or defendant's motion for new trial. A review of the record shows the evidence was sufficient to permit a rational trier of fact to find defendant guilty of the offenses beyond a reasonable doubt.

4. Finally, the trial court gave the jury an accurate and adequate charge on the standard of finding guilt based on circumstantial evidence. Thus, the trial court did not err in refusing to give the actual charge requested by defendant on circumstantial evidence. *Strickland v. State*, 164 Ga. App. 845 (7) (297 SE2d 491) (1982).

*Judgment affirmed. Johnson, J., concurs. Carley, P. J., concurs in Divisions 2, 3, 4 and in the judgment.*

DECIDED JUNE 4, 1992.

*G. Wayne Lancaster,* for appellant.
*Gerald N. Blaney, Jr., Solicitor, Jeffrey P. Kwiatkowski, Assistant Solicitor,* for appellee.