## A92A0782. MORRIS v. THE STATE.

(423 SE2d 54)

JOHNSON, Judge.

Carla Morris was charged by accusation with five counts of traffic-related violations. A jury found Morris not guilty of counts two, three, and five and guilty of counts one and four. She appeals only her conviction of the charge in count one, driving under the influence of alcohol.

Morris contends that the trial court erred in failing to permit her counsel to state his reasons for moving for a directed verdict thereby denying Morris' right to counsel. This enumeration is without merit.

At the close of the State's evidence, Morris' counsel moved for a directed verdict on counts one, two, and three. When counsel attempted to argue his motion, he was interrupted by the trial judge who stated that he was aware of counsel's reasons for the directed verdict motion. At the close of all of the evidence, Morris' counsel renewed his motion for directed verdict and the court denied the motion.

"A directed verdict of acquittal is authorized only where there is *no* evidence to support a verdict to the contrary." *Lane v. State*, 177 Ga. App. 553, 554 (340 SE2d 228) (1986); see also OCGA § 17-9-1. After a review of the entire record, we find that a verdict of acquittal was not demanded in this case. Evidence was presented at trial indicating that Morris performed poorly on the field sobriety tests which were administered to her. Additional evidence resulting from an intoximeter test further indicated that Morris had been driving under the influence of alcohol. We find that there was sufficient evidence presented at the trial of this case that Morris was driving under the influence of alcohol such that a reasonable trier of fact could find her guilty of that offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

No matter how compelling counsel's argument may have been, a review of the record reveals that the standards for granting a directed verdict clearly were not met. While it would have been better practice for the court to have allowed Morris' counsel to state his reasons in support of the motion, the court's refusal to do so did not constitute harmful error.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 30, 1992.

*Ballard, Slade & Ballard, Scott L. Ballard*, for appellant.
*W. Fletcher Sams, District Attorney, W. Hawley Stevens, Assis-*

*tant District Attorney*, for appellee.