A92A1146. MUMFORD v. DAVIS et al.
(424 SE2d 306)

BEASLEY, Judge.

The issue is the effect in a renewal action of admissions made by default under OCGA § 9-11-36 (b) in the original action.

Mumford originally filed suit, pursuant to state law and 42 USC § 1983, for the alleged wrongful death of her son. He was shot and killed by Davis, a Savannah police officer. Defendants were the mayor and aldermen of the City of Savannah in their official capacities ("City"), the mayor, the city manager, the chief of police, and Davis, individually and in his official capacity. Davis filed and served requests for admissions under OCGA § 9-11-36, which were not objected to or answered and thus became admissions by operation of law. The suit was voluntarily dismissed after the time for response to the requests passed.

Within six months, Mumford renewed the action, as permitted by OCGA § 9-2-61. The mayor, city manager and police chief were dismissed from it by order of the court, which is not appealed.

Officer Davis, both individually and in his official capacity, and the mayor and aldermen in their official capacities representing the city moved for summary judgment. They were granted summary judgment in their official capacities based on the finding that the 42 USC § 1983 claim was time-barred. This ruling is not pursued on appeal.

Davis was also granted summary judgment on the claims remaining against him individually. The court applied *Petkas v. Grizzard*, 252 Ga. 104 (312 SE2d 107) (1984), and concluded that it could take judicial notice of the entire record in the prior action, including the prior admissions which conclusively established that no material issues of fact existed as to Davis' liability. On that basis, the court con-

cluded that Davis was not liable as a matter of law.

Mumford contends that summary judgment on the state claims against Davis could not be based on the admissions in the prior proceeding.

The question involves the construction of OCGA § 9-11-36 (b), which provides in pertinent part: "Any admission made by a party under this Code section is for the purpose of the pending action only and is not an admission by him for any other purpose, nor may it be used against him in any other proceeding."

The plain language of the statute confines the use of admissions made pursuant to this discovery tool to the action in which they are made and forbids their use in a subsequent or other action. "[A]n action renewed pursuant to OCGA § 9-2-61 (a) is an action *de novo*." *Adams v. Gluckman*, 183 Ga. App. 666 (1) (359 SE2d 710) (1987); see also *Bell v. Figueredo*, 190 Ga. App. 163, 164 (1) (378 SE2d 475) (1989), reversed on other grounds, 259 Ga. 321 (381 SE2d 29) (1989). It is not the same action as to one it succeeds, in the sense that it is not a continuation of the concluded action, although it must "*be* substantially the same both as to the cause of action and as to the essential parties." (Emphasis supplied.) *Sheldon & Co. v. Emory Univ.*, 184 Ga. 440 (1) (191 SE 497) (1937).

The statutory prohibition was recognized in *ETI Corp. v. Hammett*, 152 Ga. App. 1, 2 (262 SE2d 211) (1979), in which it was held that an appellant which had waived any challenge to appellee's dismissal without prejudice of an earlier action could not use appellee's failure to respond to request for admissions in that case against him in the succeeding one. *Williams v. Coca-Cola Co.*, 158 Ga. App. 139, 140 (1) (279 SE2d 261) (1981), acknowledged the interpretation given the statute in *ETI Corp.* and noted the significant distinction in useability between admissions contained in depositions or answers to interrogatories and admissions made under OCGA § 9-11-36; the former are admissible in proceedings other than that in which they originated while the latter may not be used against the admitting party in any other proceeding.

*Petkas* does not change this. It recognizes that judicial notice relates to matters of fact, not law, that judicial notice is a substitute for conclusive evidence. See *Stone v. Lenox Enterprises*, 176 Ga. App. 696, 697 (1) (337 SE2d 451) (1985). *Petkas* approved the trial court's taking judicial notice of "records on file in its own court," that is, judicial notice of the "physical record in the first suit before the same court," id. at 108, when determining if the action before the court complies with the renewal statute, OCGA § 9-2-61.

Nevertheless, it is precluded by OCGA § 9-11-36 (b) from according judicial notice to admissions in such other cases. Thus the court in this case could take judicial notice of the previous case for the pur-

pose of establishing the current one as a timely renewal action, but the statute shields the admissions from judicial notice or cognizance just as it shields them from being introduced as evidence in this subsequent suit.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 23, 1992 —
RECONSIDERATION DENIED NOVEMBER 3, 1992 ▮▮▮▮▮▮▮

*Richard L. Roble*, for appellant.
*Oliver, Maner & Gray, Patrick T. O'Connor, Wiseman, Blackburn & Futrell, James B. Blackburn, Miriam D. Lancaster*, for appellees.