## A95A2711. SALDONA v. THE STATE.

### (466 SE2d 655)

McMurray, Presiding Judge.

Defendant Saldona appeals his conviction of the offense of harassing phone calls (OCGA § 16-11-39 (4)). *Held*:

1. The first enumeration of error maintains that the evidence is not sufficient to authorize defendant's conviction because there is evidence of only one telephone call in which defendant threatened the victim. Defendant's argument is predicated on an incorrect reading of *Sarver v. State*, 206 Ga. App. 459 (2) (426 SE2d 48) which notes that the statute provides alternative and separate ways by which the crime may be committed. In the case sub judice, the accusation charged that defendant repeatedly telephoned the victim for the purpose of annoying and harassing him. The victim testified as to a dozen or more such calls and this evidence was sufficient to authorize defendant's conviction. Id. at 460. The conviction in *Sarver* was reversed because there was only one annoying and harassing phone call so that the statutory prohibition of repeated conduct of this type was not breached there as it has been in the case sub judice. On this appeal, the significance of the evidence that defendant threatened the victim is only that this was an additional harassing telephone call. Furthermore, defendant's assertion, that the repeated calls in which defendant screamed and cursed at the victim were only for the purpose of obtaining salary owed to his wife, addresses a factual issue which was properly submitted to the jury and decided adversely to defendant. A review of the entire record in the case sub judice reveals sufficient evidence from which a rational trier of fact could determine that defendant was guilty beyond a reasonable doubt of the offense of harassing phone calls. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Next, defendant complains of the trial court's grant of the State's motion in limine prohibiting any mention of a prosecution witness's conviction of driving under the influence. Defendant argues that such evidence provided a proper means to impeach the witness by proof of a crime involving moral turpitude. But defendant is mistaken. Driving under the influence is not a crime involving moral turpitude. *Syfrett v. State*, 210 Ga. App. 185, 187 (4) (435 SE2d 470).

This enumeration of error is without merit.

3. In his final enumeration of error, defendant argues for the first time that he was denied effective assistance of trial counsel. The ineffectiveness claim is raised by appellate counsel who had no participation in the case until after the filing of the notice of appeal (which was done by defendant pro se). We, therefore, remand the case for a hearing by the trial court to consider the claim of ineffective assistance of trial counsel. *Kennedy v. State*, 217 Ga. App. 18, 19 (2) (456 SE2d 288); *Phillips v. State*, 215 Ga. App. 526, 528 (451 SE2d 517).

*Judgment affirmed and case remanded with direction. Andrews and Blackburn, JJ., concur.*

DECIDED JANUARY 3, 1996.

Conrad M. Saldona, *pro se.*
*Saia, Richardson & Meinken, Joseph J. Saia,* for appellant.
*Paul L. Howard, Jr., Solicitor, Jane Morrison, Assistant Solicitor,* for appellee.