## A04A0172. FRAZIER v. THE STATE.
### (601 SE2d 145)

MILLER, Judge.

Following a jury trial, Derrick Frazier was found guilty on two counts of vehicular homicide, one count of driving under the influence of alcohol, and one count of reckless driving. On appeal he contends that (1) the trial court erred in its charge on driving under the influence, and (2) his trial counsel was ineffective. We discern no harmful error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that, after drinking with some friends, Frazier drove the victim and a female companion to the female companion's house. While en route, Frazier drove at excessive speeds and swerved on and off the road on several occasions. After dropping off the female companion at her home around 6:00 a.m., Frazier drove away with the victim.[1]

Frazier became lost, but continued to speed, despite the fact that it was extremely foggy in the early morning hours when he was driving. Frazier attempted to negotiate a curve at nearly 70 mph and lost control of the car. The car flew into the air and flipped over several times before coming to rest. The victim was ejected from the car and died at the scene. Frazier sustained only minor injuries. A police

---

[1] Although Frazier later testified that the victim was driving after Frazier dropped the female companion off at her home (because he and the victim switched places in the car after Frazier became tired), substantial evidence revealed that Frazier was the only driver.

officer obtained a sample of Frazier's blood when Frazier was transported to a hospital, and test results on the blood sample showed that Frazier had a blood alcohol concentration of 0.18 grams percent.

Frazier was indicted on two counts of homicide by vehicle (one count for having a blood alcohol concentration higher than 0.10 grams percent and causing the victim's death, and one count for driving recklessly through fog while being intoxicated and causing the victim's death), one count of driving under the influence (for driving while having a blood alcohol concentration greater than 0.10 grams percent), and one count of reckless driving (for driving through fog at excessive speeds while under the influence of alcohol). Although Frazier was not charged with driving under the influence to the extent that it was less safe for him to drive, the trial court gave a jury charge on that form of driving under the influence in addition to its charge on driving under the influence as a per se violation for having a blood alcohol concentration of 0.10 grams percent or more. Frazier was found guilty on all counts. Following the denial of his motion for new trial, Frazier appeals.

1. Frazier argues that the trial court erred in its jury charges relating to driving under the influence. Specifically, he contends that the trial court committed harmful error in charging the jury on both driving under the influence to the extent that it was less safe for him to drive, and per se driving under the influence for him having a blood alcohol concentration over 0.10 grams percent, because he was only indicted for per se driving under the influence. We disagree.

The jury was fully informed with respect to the indictment and the law, and the evidence presented at trial would not have led the jury to find Frazier guilty of committing a crime in any manner other than the manner in which he was charged. Indeed,

> [s]ince [Frazier] was charged with DUI by having [0.10] percent or more by weight of alcohol in his blood . . . the instructions concerning being a less safe driver . . . and the inferences [derived therefrom] were superfluous. However, since the jury was also informed of the legal ramifications of a blood-alcohol content of over [0.10] percent and there was evidence that [Frazier's] blood-alcohol content was greater than [0.10] percent, we do not believe the additional language in the charge was harmful to [Frazier].

(Citation omitted.) *Courson v. State*, 184 Ga. App. 793, 795 (5) (363 SE2d 41) (1987); accord *King v. State*, 194 Ga. App. 69, 71 (4) (389 SE2d 500) (1989).

2. Frazier contends that his trial counsel rendered ineffective assistance for failing to object to the admission of the blood test

results that showed that his blood alcohol concentration was 0.18 grams percent. Although Frazier raised the issue of ineffective assistance of counsel below, he failed to raise this specific ground of ineffective assistance in either his motion for new trial or at the hearing on the motion for new trial. He has therefore waived this issue on appeal. *Wilson v. State*, 277 Ga. 195, 200 (2) (586 SE2d 669) (2003).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 4, 2004.

*Allen & Barber, W. Keith Barber*, for appellant.
*Richard A. Mallard, District Attorney*, for appellee.