Ricardo G. THORNE, Appellant,

v.

UNITED STATES, Appellee.

No. 85–597.

District of Columbia Court of Appeals.

Submitted Oct. 30, 1990.
Decided Nov. 29, 1990.

Howard B. Katzoff, Washington, D.C., appointed by this court, was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., John R. Fisher, Ann L. Rosenfield, and Barbara Van Gelder, Washington, D.C., Asst. U.S. Attys., were on the brief, for appellee.

Before BELSON and SCHWELB, Associate Judges, and KERN, Senior Judge.

SCHWELB, Associate Judge:

Thorne was convicted of distribution of preludin in connection with an incident which occurred on June 4, 1983 (Count 1). He was acquitted of distribution of heroin in relation to an incident which occurred on November 6, 1983 (Count 3). He appeals from his conviction on Count 1, contending that that count should have been severed from Count 3 and that the government engaged in prosecutorial misconduct by purposely securing an invalid indictment on Count 3. We affirm.

■ Counts 1 and 3 involved crimes of a similar character, and were properly joined pursuant to Super.Ct.Crim.R. 8(a) and D.C. Code § 23–311(a) (1989). *Winestock v. United States,* 429 A.2d 519, 524–25 (D.C. 1981). Thorne filed a pretrial motion for severance pursuant to Super.Ct.Crim.R. 14. Although Count 2 (relating to an incident which occurred on October 7, 1983) was severed from the others with the prosecutor's consent, it does not appear from the jacket that Judge Wertheim, the motions judge, ever ruled on the motion to sever Count 1 from Count 3, which the government opposed.[1]

■ The case came to trial in January 1985 before Judge Eilperin. So far as we can discern, the pendency of the motion to sever was never brought to the judge's attention, nor did Thorne's counsel ever renew the motion on the basis of any specific prejudice occurring during the trial. Under these circumstances, Judge Eilperin could not reasonably be expected to sever the counts *sua sponte.* A party who neglects to seek a ruling on his motion fails to preserve the issue for appeal. *United States v. Wagoner,* 713 F.2d 1371, 1374 (8th Cir.1983); *Donahoo v. State,* 552 So.2d 887, 895 (Ala.1989); *see also Hunsucker v. State,* 160 Ga.App. 846, 847, 287 S.E.2d 689, 690 (1982) (defendant must secure ruling from trial judge on motion for severance in order to obtain appellate review).

In the present case, there was no manifest injustice, for "courts, including our own, have ... found no prejudicial effect from joinder when the evidence of each crime is simple and distinct, even though such evidence might not have been admissible in separate trials." *Arnold v. United States,* 358 A.2d 335, 338 (D.C.1976) (en banc) (quoting *Drew v. United States,* 118 U.S.App.D.C. 11, 17, 331 F.2d 85, 91 (1964)); *see also Winestock, supra,* 429 A.2d at

---

1. Thorne claims on appeal that Judge Wertheim denied the motion, but fails to cite any portion of the record to support his contention. The government maintains that the judge never ruled on the motion and there is no jacket entry suggesting that he did.

527.[2] The prosecutor presented the evidence of the two offenses separately and distinctly, and Judge Eilperin properly instructed the jury that each should be considered separately. There was no error.

Thorne also claims that the government engaged in misconduct in relation to Count 3 because the chemical analysis by the Drug Enforcement Administration of the material which he allegedly sold to Wood on November 6, 1983 had revealed that it contained only traces of heroin, rather than a usable amount. *See Wishop v. United States*, 531 A.2d 1005, 1009 (D.C. 1987). Thorne's theory is that the government improperly obtained an indictment and used it to prejudice the jury against him in obtaining his conviction on the preludin count.[3] The existence of a usable amount may, however, be established by circumstantial evidence. *Bernard v. United States*, 575 A.2d 1191, 1193 (D.C.1990). The government presented substantial evidence that the amount sold was usable (*e.g.*, a "quarter" of heroin was sold; it was in a glassine bag customarily used for sales of a usable amount, and the buyer attempted to inject it). *See Wishop, supra*, 531 A.2d at 1009.

We should not attribute sinister motives to the prosecutor without a good deal more evidence than this. *Cf. Donnelly v. DeChristoforo*, 416 U.S. 637, 643–44, 94 S.Ct. 1868, 1871–72, 40 L.Ed.2d 431 (1974). Accordingly, we hold that Thorne did not establish prosecutorial misconduct.

For the foregoing reasons, the judgment appealed from is hereby

*Affirmed.*

---

**2.** If there is tension between the logic of cases such as *Arnold* on the one hand and that of *Thompson v. United States*, 546 A.2d 414 (D.C. 1988) (stressing the prejudicial effect of "other crimes" evidence) on the other, we must defer any attempt to resolve that tension to another day when the issue is properly preserved.

**3.** It does not appear that Thorne asked the trial court to dismiss the indictment for prosecutorial misconduct, or indeed raised the issue below in any other way. The government has not asked us to apply the "plain error" standard of review, *see Watts v. United States*, 362 A.2d 706, 709 (D.C.1976) (en banc) and the point is immaterial in light of our disposition.