Robin AUSTIN, Appellant,

v.

UNITED STATES, Appellee.

No. 02–CF–1455.

District of Columbia Court of Appeals.

Argued March 9, 2004.

Decided April 22, 2004.

Erin Murphy, Public Defender Service, with whom James Klein, Edward J. Ungvarsky, Corinne Beckwith and Timothy P. O'Toole, Public Defender Service, were on the brief, for appellant.

Valinda Jones, Assistant United States Attorney, with whom Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher and Roy W. McLeese III, Assistant United States Attorneys, were on the brief, for appellee.

Sidney R. Bixler, Assistant Corporation Counsel, with whom Robert J. Spagnoletti, Acting Corporation Counsel at the time, Edward E. Schwab, Acting Deputy Corporation Counsel at the time, and Rosalyn Calbert Groce, Supervisory Corporation Counsel, were on the brief, for the District of Columbia as Intervenor.

Before STEADMAN, REID and WASHINGTON, Associate Judges.

PER CURIAM:

Appellant, Robin Austin, pled guilty to one count of carrying a pistol without a license in violation of D.C.Code § 22–3204(a) (1981) (recodified and referred to herein as § 22–4504(a) (2001)), conditioned on her ability to appeal the trial court's denial of her pretrial motion to dismiss the indictment on constitutional grounds. That appeal is now before us. We affirm.

■ Appellant's principal overall assertion on appeal is that this court in *Sandidge v. United States* erroneously held that the Second Amendment bestows only a collective, rather than an individual, right to bear arms. 520 A.2d 1057 (D.C.App.), *cert. denied* 484 U.S. 868, 108 S.Ct. 193, 98 L.Ed.2d 145 (1987). However, as appellant correctly acknowledges, this argument can be addressed only by the en banc court; this panel is bound by *Sandidge*. *M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C. 1971); *see also Barron v. United States*, 818 A.2d 987, 994 n. 7 (D.C.2003) (recognizing that the panel was foreclosed from revisiting *Sandidge*).

■ Appellant also acknowledges that its related appellate issues based on constitutional principles of due process and equal protection are closely intertwined

with the Second Amendment issue and in a general sense might best be resolved in the overall context of an en banc hearing. This court, however, denied appellant's petition for an initial hearing en banc. We therefore address here appellant's arguments, as we understand them, which can fairly be considered independent of the *Sandidge* challenge, that is, arguments pursuant to which this panel could reverse appellant's conviction even though *Sandidge* controls.[1]

■ Appellant's first such argument is that due process is violated because the United States is enforcing a statute, D.C.Code § 22–4504(a), that the executive branch believes is unconstitutional as violative of the Second Amendment. Appellant bases this contention on a memorandum issued by the Attorney General on November 9, 2001.[2] The memorandum refers to a recent opinion by the Fifth Circuit, *United States v. Emerson*, 270 F.3d 203 (5th Cir.2001), asserting that the Second

Amendment protects the private right of individuals to possess and bear firearms, subject to reasonable restrictions,[3] and sets forth the Attorney General's view that the *Emerson* decision and the balance it strikes generally reflects the correct understanding of the Second Amendment. The government, however, responds that appellant's premise is flawed because the government's present position is that D.C.Code § 22–4504(a) is not unconstitutional either facially or as applied to this particular defendant.[4] We see no basis in this record to dispute the government's assertion, a fact that segues into appellant's second argument.

■ Appellant asserts alternatively that the government's position results in uneven enforcement of the statute, in that individuals whom the government deems not to be "unfit" to possess firearms are not subjected to prosecution under the statute.[5] The government responds that

---

1. Appellant suggests that, even considering *Sandidge,* under the Fifth and Fourteenth Amendments this panel could find appellant's conviction an unconstitutional infringement upon a fundamental liberty interest because such infringement is not narrowly tailored to serve a compelling interest. This argument and appellant's general claim that the statute violates equal protection presuppose the existence of an individual right to bear arms and thus fail. Appellant's due process and equal protection claims of an individual right are rooted in the Second Amendment; we are bound by the *Sandidge* court's rejection of the Second Amendment as a source of an individual right to bear arms. Independent of the Second Amendment, neither this court nor the United States Supreme Court has recognized the individual right to bear arms as a fundamental liberty interest under the substantive component of the Due Process Clause.

2. The text of the memorandum is available at the web site of the Department of Justice at http://www.usdoj.gov/ag/readingroom/emerson.htm.

3. In the words of the Attorney General, "the existence of this individual right does not mean that reasonable restrictions cannot be imposed to prevent unfit persons from possessing firearms or to restrict possession of firearms particularly suited to criminal misuse."

4. Appellant cites no authority for the dubious proposition that any assumed right or power in the executive to refuse to enforce a statute that it deems unconstitutional translates broadly into a duty not to do so that may be invoked by an individual defendant under the Due Process Clause. Moreover, the Attorney General's memorandum neither refers to any specific statutes nor expresses any opinion as to the constitutionality of D.C.Code § 22–4504(a) under the Attorney General's interpretation of the Second Amendment.

5. A variant characterization is that the Attorney General is "legislating" by selective enforcement of its provisions, rather than in uniform accordance with its terms. Postulating such uneven enforcement, appellant asserts that the "unfit" criterion utilized by the

appellant is incorrect and that the government, in fact, prosecutes all violators of the statute under normal prosecutorial standards.[6] Appellant's argument, essentially one of equal protection, was never squarely presented to nor ruled upon by the trial court. *See Miller v. Avirom*, 127 U.S.App. D.C. 367, 369–70, 384 F.2d 319, 321–22 (1967) (arguments not presented to the trial court will be spurned on appeal); *Thorne v. United States*, 582 A.2d 964, 965 (D.C.1990) (a "party who neglects to seek a ruling on his motion fails to preserve the issue for appeal"). In any event, the record before us is quite insufficient to provide any factual basis for such an argument by appellant. *See Fedorov v. United States*, 600 A.2d 370, 377 (D.C.1991) (en banc) ("A party who charges discriminatory application of prosecutorial discretion to

pretrial diversion carries a heavy burden of proof... [T]he defendant must make a *prima facie* showing that: '(1) others similarly situated were not prosecuted, and (2) the selective prosecution being complained of was improperly motivated, i.e., it was based on an impermissible consideration such as race or on a desire to prevent the exercise of constitutional rights' ") (citations omitted).

Appellant's conviction is hereby

*Affirmed.*

---

Attorney General would be too vague to provide fair notice as to who may or may not violate the statute with impunity. Appellant, however, concedes that the statute itself is not vague at all in requiring a license, noting that there is "absolutely nothing ambiguous about the statutory language." The related licensing statutory provisions and implementing regulations are in fact quite detailed and include a number of fitness provisions. *See* D.C.Code §§ 22–4503,—4506 (2001); 24 D.C.M.R. §§ 2303 et. seq., 2304 et. seq.

**6.** A corollary of this government position is that no one may engage in an initial violation of a licensing statute asserting constitutional

protection but instead a person first must apply for a license under the statute and related regulations and only upon denial of such a license may challenge the constitutionality of the statute and/or its implementation. The government relies on *Poulos v. New Hampshire*, 345 U.S. 395, 73 S.Ct. 760, 97 L.Ed. 1105 (1953) and *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) for this proposition. *See also Seegars v. Ashcroft*, 297 F.Supp.2d 201 (D.D.C.2004). Appellant contests the applicability of these cases, but resolution of the correctness of the government's position is irrelevant to any issue before this panel, bound by *Sandidge*.